1  JEFF H. GRANT (SBN 218974)
      jgrant@foxrothschild.com
2  MATTHEW R. FOLLETT (SBN 325481)
      mfollett@foxrothschild.com
3  FOX ROTHSCHILD LLP
   10250 Constellation Boulevard, Suite 900
4  Los Angeles, CA 90067
   Telephone: (310) 598-4150
5  Facsimile: (310) 556-9828

6  Attorneys for Defendant
   *Sleep Number Corporation*

7

8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

| 12 | GERARDO PRIETO, an individual, and ATHENA LONICH, an individual, on behalf of themselves and all others similarly situated, | Case No. 2:25-cv-00352 RGK (MAAx) |
|---|---|---|
| 13 | | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT** |
| 14 | | |
| 15 | Plaintiffs, | |
| 16 | | |
| 17 | vs. | |
| 18 | SLEEP NUMBER CORPORATION, | |
| 19 | Defendant. | Date:  March 17, 2025 |
| 20 | | Time:  9:00 a.m. |
| 21 | | Courtroom:  850 |
| | | Judge:  R. Gary Klausner |

22

23

24

25

26

27

28

1

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on March 17, 2025 at 9:00 a.m., or as soon thereafter as this matter may be heard before the Honorable R. Gary Klausner, in Courtroom 850, of the United States Courthouse, located at Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, CA 90012, Defendant Sleep Number Corporation ("Sleep Number") will and hereby does move to dismiss the Class Action Complaint ("Complaint") of Plaintiffs Gerardo Prieto, an individual, and Athena Lonich, an individual, on behalf of themselves and all others similarly situated, and each claim asserted therein against Sleep Number, under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that:

1.   The Complaint fails to state a claim under the Consumer Legal Remedies Act.

2.   The Complaint fails to state a claim under the False Advertising Law.

3.   The Complaint fails to state a claim under the Unfair Competition Law.

4.   The Complaint fails to state a claim for fraudulent misrepresentation.

5.   The Complaint fails to state a claim for fraudulent concealment.

6.   Plaintiffs lack standing to bring claims on behalf of the purported class.

Sleep Number's motion to dismiss is based on this notice of motion and motion, the supporting memorandum of points and authorities, all pleadings and papers on file in this case, the arguments of counsel, and on such other matters as the Court may consider.

This motion is made following the conference of counsel pursuant to L.R. 73, which took place via telephone on both February 4, 2025 and February 7, 2025. During the conferences, counsel for Sleep Number explained its positions and the parties were unable to reach a resolution.

///

///

///

1

Dated: February 11, 2025                     FOX ROTHSCHILD LLP

2

3                                                       By:    */s/ Matthew R. Follett*
                                                                  Matthew R. Follett

4

5                                                       Attorneys for Defendant
                                                        *Sleep Number Corporation*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF MOTION AND                        CASE NO. 2:25-CV-00352 RGK (MAAx)
MOTION TO DISMISS AMENDED COMPLAINT

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES............................................9

I.    INTRODUCTION..................................................................................9

II.    FACTUAL BACKGROUND ...........................................................10

III.    LEGAL STANDARD .......................................................................12

IV.    ARGUMENT .....................................................................................13

    A.    Plaintiffs Have Failed to Meet the Heightened Pleading Standard Required for Each of Their Claims......................................13

        1.    Plaintiffs' Statutory Claims Fail to Meet the Heightened Pleading Standard. ...................................................15

        2.    Plaintiffs' Fraud Claims Similarly Fail to Meet the Heightened Pleading Standard..................................18

    B.    Plaintiffs Lack Standing.......................................................20

        1.    Plaintiffs Lack Standing to Bring Claims Based on Products They Did Not Purchase and Advertisements on Which They Did Not Rely. .........................................21

        2.    Plaintiffs Lack Standing to Pursue Injunctive Relief. ..............24

V.    CONCLUSION ..................................................................................25

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Algarin v. Maybelline, LLC,*
300 F.R.D. 444 (S.D. Cal. 2014)................................................................24

*Antonov v. Gen. Motors LLC,*
No. 823CV01593FWSMJR, 2024 WL 217825 (C.D. Cal. Jan. 19,
2024).......................................................................................................18

*Arroyo v. TP-Link USA Corp.,*
2015 WL 5698752 (N.D. Cal. Sept. 29, 2015).............................22, 23

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) .........................................................................12

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) .........................................................................12

*Blumhorst v. Jewish Fam. Servs. L.A.,*
126 Cal. App. 4th 993, 24 Cal. Rptr. 3d 474 (Ct. App. 2005) .........20

*Cho v. Hyundai Motor Co., Ltd.,*
636 F. Supp. 3d 1149 (C.D. Cal. 2022)............................................19

*City of L.A. v. Lyons,*
461 U.S. 95 (1983) ...........................................................................24

*Cooper v. Pickett,*
137 F.3d 616 (9th Cir. 1997)......................................................12, 14

*Davidson v. Kimberly-Clark Corp.,*
889 F.3d 956 (9th Cir. 2018).............................................................14

*Dennis v. Ralph Lauren Corp.,*
No. 16CV1056-WQH-BGS, 2016 WL 7387356 (S.D. Cal. Dec. 20,
2016).......................................................................................................13

*Dragoslavic v. Ace Hardware Corp.,*
274 F. Supp. 3d 578 (E.D. Tex. 2017) ..............................................13

*Ferrari v. Best Buy Co.,*
No. CIV. 14-2956 JD/FLN, 2015 WL 2242128 (D. Minn. May 12,
2015).......................................................................................................22

*Friedman v. Dollar Thrifty Auto. Grp., Inc.,*
304 F.R.D. 601 (D. Colo. 2015).......................................................22

*Gamez v. Summit Nats. Inc.,*
No. CV2205894DSFKSX, 2022 WL 17886027 (C.D. Cal. Oct. 24,
2022).......................................................................................................14

5

*Garrison v. Whole Foods Mkt. Grp., Inc.*,
13–CV–05222–VC, 2014 WL 2451290 (N.D. Cal. June 2, 2014) ................... 24

*Green v. Green Mountain Coffee Roasters, Inc.*,
279 F.R.D. 275 (D.N.J. 2011) ............................................................. 22

*Hemy v. Perdue Farms, Inc.*,
No. CIV.A. 11-888 FLW, 2011 WL 6002463 (D.N.J. Nov. 30, 2011) ............................................................................................. 22

*Johns v. Bayer Corp.*,
No. 09CV1935DMSJMA, 2010 WL 476688 (S.D. Cal. Feb. 9, 2010) ............................................................................................. 22

*Jones v. Hollywood Unlocked, Inc.*,
No. 221CV07929MEMFPVCX, 2022 WL 18674459 (C.D. Cal. Nov. 22, 2022) ............................................................................... 19

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ................................................... *passim*

*Kwikset Corp. v. Superior Ct.*,
51 Cal. 4th 310, 246 P.3d 877 (2011) ................................................. 21

*Larsen v. Trader Joe's Co.*,
No. C 11-05188 SI, 2012 WL 5458396 (N.D. Cal. June 14, 2012) ................. 23

*Lewis v. Casey*,
518 U.S. 343 (1996) ............................................................... 21, 22

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
134 S. Ct. 1377 (U.S. 2014) ............................................................. 21

*Marolda v. Symantec Corp.*,
672 F. Supp. 2d 992 (N.D. Cal. 2009).................................................. 18

*Meixner v. Wells Fargo Bank, N.A.*,
101 F. Supp. 3d 938 (E.D. Cal. 2015).................................................. 18

*Miller v. Ghirardelli Chocolate Co.*,
912 F. Supp. 2d 861 (N.D. Cal. 2012).................................................. 22

*Monaco v. Mercedes-Benz USA, LLC*,
No. 222CV04631MEMFMRWX, 2023 WL 405312 (C.D. Cal. Jan. 20, 2023) ........................................................................................ 19

*Moncada v. W. Coast Quartz Corp.*,
221 Cal. App. 4th 768, 164 Cal. Rptr. 3d 601 (Ct. App. 2013) ..................... 20

*Moody v. Hot Topic, Inc.*,
No. EDCV230447JGBSPX, 2023 WL 9511159 (C.D. Cal. Nov. 15, 2023) ............................................................................... 14, 15, 17

6

*Oh v. Fresh Bellies, Inc.*,
  No. CV 24-5417 PSG (JPRX), 2024 WL 4500727 (C.D. Cal. Oct.
  15, 2024) ........................................................................................... 23

*Ollier v. Sweetwater Union High Sch. Dist.*,
  768 F.3d 843 (9th Cir. 2014) ............................................................ 21

*Paredes v. Univ. of Phoenix*,
  No. 514CV02554SVWSPX, 2015 WL 13914985 (C.D. Cal. Mar.
  23, 2015) ........................................................................................... 12

*PerkinElmer Health Scis., Inc. v. Excelbis Labs LLC*,
  No. 820CV00527MCSADSX, 2021 WL 1234881 (C.D. Cal. Feb.
  5, 2021) ............................................................................................. 12

*Poston v. Gen. Motors, LLC*,
  No. 24-CV-0082-BAS-JLB, 2024 WL 3558377 (S.D. Cal. July 22,
  2024) ............................................................................................ 19, 20

*Rael v. Dooney & Bourke, Inc.*,
  No. 16CV0371 JM(DHB), 2016 WL 3952219 (S.D. Cal. July 22,
  2016) ................................................................................................. 13

*Rahman v. Mott's LLP*,
  No. CV 13-3482 SI, 2014 WL 5282106 (N.D. Cal. Oct. 15, 2014)
  *recons. denied*, No. 13-CV-03482-SI, 2014 WL 6815779 (N.D.
  Cal. Dec. 3, 2014) ............................................................................. 24

*Sahakian v. Gen. Motors LLC*,
  No. 5:23-CV-10634-SPG-AGR, 2024 WL 4003919 (C.D. Cal. May
  8, 2024) ............................................................................................. 18

*Smillie v. Travelers Ins. Co.*,
  No. 06CV944-H (CAB), 2006 WL 8455807 (S.D. Cal. Aug. 1,
  2006) ................................................................................................. 20

*Spann v. J.C. Penney Corp.*,
  No. SACV120215FMORNBX, 2014 WL 12634887 (C.D. Cal. Feb.
  21, 2014) ........................................................................................... 13

*Sunrise Senior Living Mgmt., Inc., v. Midstone, Inc.*,
  No. 222CV003377MEMFPVCX, 2022 WL 4842916 (C.D. Cal.
  Sept. 30, 2022) .................................................................................. 18

*Taylor v. Nike, Inc.*,
  No. 3:16-CV-00661-MO, 2017 WL 663056 (D. Or. Feb. 17, 2017) ............... 13

*Vassigh v. Bai Brands LLC*,
  No. 14-CV-05127-HSG, 2015 WL 4238886 (N.D. Cal. July 13,
  2015) ............................................................................................ 15, 17

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ....................................................... 12, 14

7

*W. Mining Council v. Watt*,
  643 F.2d 618 (9th Cir. 1981) ................................................................. 12

*W. Pac. Elec. Co. Corp. v. Dragados/Flatiron*,
  No. 118CV00166LJOBAM, 2018 WL 2088276 (E.D. Cal. May 4,
  2018) .................................................................................................... 13

**Statutes**

Cal. Bus. & Prof. Code § 17204 ................................................................ 21

Cal. Bus. & Prof. Code § 17500 ................................................................ 16

Cal. Bus. & Prof. Code § 17501 ................................................................ 16

Cal. Civ. Code § 1770(a) .......................................................................... 15

Cal. Civ. Code § 1780(a) .......................................................................... 21

Cal. Civ. Code § 1782 ................................................................................ 9

**Court Rules**

Fed. R. Civ. P. 9(b) .......................................................................... *passim*

Fed. R. Civ. P. 12(b)(6) ................................................................. 9, 12, 23

1    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2         Defendant Sleep Number Corporation ("Sleep Number") moves under Fed. R.

3    Civ. P. 12(b)(6) to dismiss the Class Action Complaint, Dkt. 3 ("Complaint") of

4    Plaintiffs Gerardo Prieto, an individual, and Athena Lonich, an individual, and on

5    behalf of themselves and all others similarly situated (collectively, "Plaintiffs") for

6    lack of standing and otherwise for failure to sufficiently plead their claims.

7    **I.    <u>INTRODUCTION</u>**

8         Plaintiffs Gerardo Prieto and Athena Lonich, two California residents, allege

9    that they purchased a deceptively priced and advertised i8 Sleep Number® bed and

10   base from a Sleep Number® store in Palmdale, California "on or about July 29,

11   2023." (Compl. ¶20.) Based on this purchase and a ***single***, unverified and undated

12   screenshot from the Wayback Machine internet archive from the same time as

13   Plaintiffs' purchase, Plaintiffs now bring this putative class action to seek monetary

14   and injunctive relief for a broad class of all consumers who purchased Sleep

15   Number's "c4, p6, p6 [sic], i8, i10, and m7 beds" between January 2021 through

16   October 2024. (*Id.* ¶¶1, 3, 20–21.) Several serious flaws in Plaintiffs' Complaint

17   mandate dismissal. First, Plaintiffs' claims are grounded in allegations of a fraudulent

18   scheme to mislead consumers, and therefore at least Plaintiffs' claims under the

19   California consumer protection statutes and Plaintiffs' common-law fraud claims

20   must meet the heightened pleading standards contemplated by Fed. R. Civ. P. 9(b).

21   Plaintiffs have fallen short of this mark. Second, Plaintiffs assert common-law fraud

22   claims without establishing that they are entitled to recoverable damages or

23   restitution. Third, Plaintiffs lack standing because they bring claims on behalf of

24   putative class members who purchased different products and relied on different

25   advertisements and therefore seek an injunction that will provide them with no relief.

26   Fourth, and finally, to the extent that Plaintiffs seek monetary damages, they are

27   barred from doing so until they can demonstrate compliance with the notice

28   requirements mandated by Cal. Civ. Code § 1782.

Rule 9(b)'s heightened pleading requirements exist to dispose of unmeritorious claims such as this one. Plaintiffs may not rest on their unsupported allegations about Sleep Number's pricing to assert the existence of some massive fraud on consumers. Had Plaintiffs conducted any sort of reasonable investigation before filing their Complaint, they would have discovered numerous examples of the beds at issue being sold at full price and that Sleep Number continues to fully comply with the law. Because Plaintiffs' claims are woefully deficient, the Court should dismiss the Complaint in its entirety. To the extent that any of Plaintiffs' claims proceed, this Court should strike the proposed class and limit the remaining class to purchasers of the same bed Plaintiffs purchased.

## II. <u>FACTUAL BACKGROUND</u>

Plaintiffs allege they visited a Sleep Number store in Palmdale, California "on or about July 29, 2023." (Compl. ¶20.) Plaintiffs state that they viewed an unspecified sales promotion advertising an unspecified discount from a "Reference Price" for Sleep Number's Innovation-series king beds. (*Id.* ¶¶21–22.) Plaintiffs then purchased a king i8 Sleep Number mattress and base (collectively, the "Bed") for a total of $4,934.57. (*Id.* ¶24.) The i8 mattress was advertised with a former price of $4,599 and discounted to $3,759.20, and the base was advertised with a former price of $549 with a discount to $439. (*Id.* ¶23.)

Plaintiffs allege, without ***any*** factual support, that the Bed was not actually on sale. According to Plaintiffs, the bed they purchased "had not been offered for sale at Defendant's stores or on the Website (or anywhere else) for a reasonably substantial period of time (if ever) at the full Reference Price." (*Id.* ¶25.) Plaintiffs state that "for at least the 90-day period prior to Plaintiffs' purchase and for over a year thereafter, Defendant had not offered the i8 bed sold at the Reference Price." (*Id.*) Plaintiffs provide no explanation for such conclusory statements about Sleep Number's pricing practices. Indeed, the ***only*** evidence Plaintiffs provided was an undated photograph from an unspecified third-party website (which Sleep Number

10

has not been able to locate) that purports to show an i8 bed from Sleep Number's website on July 29, 2023 and a blurred and undated order form purportedly from on or around the ***same day***. (*Id*. at pp. 5–7.) Put simply, Plaintiffs' supported allegations show only that the Bed was advertised at a reduced price on or around the same day Plaintiffs purportedly purchased the Bed at a reduced price. (*See id*.) The allegations do not identify what the specifically advertised price of a king i8 mattress (or any base) was on said date or what the price of an i8 was on any other date or whether Plaintiffs even purchased the Bed at the advertised price. In addition, the Complaint does not provide any evidence to support allegations that the Bed was not of the advertised quality, any suggestion that Plaintiffs could have obtained the same or a substantially similar mattress from another retailer for a lower price, or any evidence that Sleep Number did not sell the Bed at the advertised reference price (or actually any price) in the months preceding Plaintiffs' purchase or at any point in the year following their purchase. (*See generally id*.) In fact, there are no allegations related to or supporting any monitoring of Sleep Number's advertising practices at all. (*See generally id*.)

Further, Plaintiffs attempt to bring suit on behalf of all California consumers who purchased a Sleep Number c4, p6, i8, i10, or m7 bed for an almost four-year period, i.e., between January 2021 and October 2024. (*See generally* Compl.) However, Plaintiffs offer no explanation as to *why* the class period runs from January 2021 through October 2024. (*Id*.) Nor do Plaintiffs explain why or how they defined the class as purchasers of the selected mattress models. For instance, Plaintiffs reference Sleep Number's c4, p6, i10 and m7 beds only once and provide *no* examples (much less specific allegations) of allegedly false or misleading advertising thereof. (*See id*. ¶1; *see generally id*.) Yet Plaintiffs bring sweeping class-wide California statutory consumer-fraud claims under the FAL, the CLRA, and the UCL. (*Id*. ¶¶65–79.) Plaintiffs also assert common law claims for fraudulent misrepresentations and fraudulent concealment. (*Id*. ¶¶80–99.) Plaintiffs seek broad

11

relief including an injunction, declaratory judgment, monetary and punitive damages, and attorneys' fees and costs.

For the reasons discussed herein, Plaintiffs' Complaint is deficient and should be dismissed.

## III. <u>LEGAL STANDARD</u>

A court should dismiss a complaint when it fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive, a plaintiff's factual allegations must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. **Conclusory statements and naked assertions are insufficient.** *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). **Courts do not presume a plaintiff's legal conclusions are true.** *Id.*; *see also W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) ("We do not, however, necessarily assume the truth of legal conclusions merely because they are case in the form of factual allegations.").

Because the gravamen of Plaintiffs' Complaint is fraud, the heightened pleading requirement of Rule 9(b) applies to Plaintiffs' statutory claims and claim for common-law fraud. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009) (specifically ruling that Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL). As such, Plaintiffs' "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct alleged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (quotation omitted)). All of these elements must be pleaded with particularity. *See PerkinElmer Health Scis., Inc. v. Excelbis Labs LLC*, No. 820CV00527MCSADSX, 2021 WL 1234881, at *3 (C.D. Cal. Feb. 5, 2021) (dismissing complaint that failed to allege the "how" element with particularity); *Paredes v. Univ. of Phoenix*, No. 514CV02554SVWSPX, 2015 WL 13914985, at *2 (C.D. Cal. Mar. 23, 2015) (dismissing complaint that described only "most of the circumstances with

12

particularity"); *Dennis v. Ralph Lauren Corp.*, No. 16CV1056-WQH-BGS, 2016 WL 7387356, at \*4 (S.D. Cal. Dec. 20, 2016) (granting motion to dismiss claims under UCL, CLRA, and FAL that relied upon "vague and conclusory" allegations); *Rael v. Dooney & Bourke, Inc.*, No. 16CV0371 JM(DHB), 2016 WL 3952219, at \*3 (S.D. Cal. July 22, 2016) (granting motion to dismiss complaint for allegedly false outlet pricing that relied on "say-so and conclusory allegations instead of facts"); *Spann v. J.C. Penney Corp.*, No. SACV120215FMORNBX, 2014 WL 12634887, at \*4 (C.D. Cal. Feb. 21, 2014) (internal citations omitted) ("Plaintiff's conclusory allegations that defendant 'has gone back to its false price comparisons which violate California law' and that it 'continues to violate' state law, are insufficient to state a cognizable cause of action.")[1] Rule 9(b) is intended "to protect defendants from factually baseless claims of fraud inasmuch as it is meant to give defendants notice of the claims asserted against them." *W. Pac. Elec. Co. Corp. v. Dragados/Flatiron*, No. 118CV00166LJOBAM, 2018 WL 2088276, at \*2 (E.D. Cal. May 4, 2018).

## IV.  ARGUMENT

### A.  Plaintiffs Have Failed to Meet the Heightened Pleading Standard Required for Each of Their Claims.

All of Plaintiffs' claims sound in fraud, alleging a grand scheme to mislead customers as to false pricing, and therefore must be pleaded to the heightened pleading standard required by Fed. R. Civ. P. 9(b). ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *see also Kearns*, 567 F.3d at 1125 (holding that when a plaintiff's claims under the CLRA and UCL are "grounded in fraud" or "sound in fraud," then "the pleading . . .

---

[1] Courts outside of California similarly reject conclusory allegations of misleading prices. *See, e.g.,Taylor v. Nike, Inc.*, No. 3:16-CV-00661-MO, 2017 WL 663056, at \*5, \*9 (D. Or. Feb. 17, 2017) (stating that "conclusory allegations" and "generic facts" were inadequate to "sufficiently plead Nike's alleged fraudulent pricing scheme with particularity as required by Rule 9(b)"); *Dragoslavic v. Ace Hardware Corp.*, 274 F. Supp. 3d 578, 587 (E.D. Tex. 2017) (citations omitted) (granting motion to dismiss and stating that "Rule 9(b) does not permit a party to make conclusory allegations and then, through the discovery process, gain more specific information and amend his pleadings to satisfy the particularity requirement.")

as a whole must satisfy the particularity requirement of Rule 9(b)."); *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018) (holding Rule 9(b)'s heightened pleading standard applies to claims brought under the CLRA, FAL, and UCL that are based in fraud). To satisfy the heightened pleading standard of Rule 9(b), Plaintiffs must show the "who, what, when, where and how" of the allegedly fraudulent conduct. *Vess*, 317 F.3d at 1106 (quoting *Cooper*, 137 F.3d at 627). A "complaint must meet all these requirements, not just some of them." *Gamez v. Summit Nats. Inc.*, No. CV2205894DSFKSX, 2022 WL 17886027, at *8 (C.D. Cal. Oct. 24, 2022). To meet the heightened pleading standard for fraud-based violations of the consumer statutes under Fed. R. Civ. P. 9(b), plaintiffs must '"specify what [] advertisements or other sales material specifically stated' and 'specify when [they] were] exposed to them or which ones [they] found material.'" *Moody v. Hot Topic, Inc.*, No. EDCV230447JGBSPX, 2023 WL 9511159, at *7 (C.D. Cal. Nov. 15, 2023) (quoting *Kearns*, 567 F.3d at 1125).

Here, Plaintiffs have not established the basic "who, what, when, where, and how" of the misconduct they allege. Significantly, Plaintiffs don't even provide the exact date of their purchase, instead providing only that the purchase was after they visited a Sleep Number store "on or about July 29, 2023." (Compl. ¶¶20–22.) Plaintiffs claim that Sleep Number "rarely, if ever sold any of the Subject Beds at the Reference Price," (*id*. ¶18) but fail to support this conclusory statement. In fact, Plaintiffs only provide a single date, July 29, 2023, when the i8 was purportedly sold at a reduced price and fail to provide any evidence that any of the other Subject Beds—the c4, p6, i10 and m7 beds—were ever on sale (much less for how much or how long). (*See id*. ¶1 (only conclusory allegations related to the c4, p6, i10 and m7 beds); *see also id*. ¶¶20–21 (alleging the i8 was advertised and sold at a reduced price on or around July 29, 2023); ¶16 (making blanket statements that undated screenshots from Defendant's website are "representative examples" of "False Reference Prices.").) That is, though Plaintiffs seek to bring this action on behalf of a wide class

14

of consumers, they have not provided sufficient detail regarding the specific advertisements viewed and relied upon by themselves—much less other potential class members that were allegedly fraudulent—to entice customers into making purchases they otherwise would not have made. *See Moody*, 2023 WL 9511159, at *7 (dismissing claims under the CLRA, FAL, and UCL when plaintiffs failed to "specifically state which misleading promotion or sales they viewed while making their purchases. . . ."); *see also Vassigh v. Bai Brands LLC*, No. 14-CV-05127-HSG, 2015 WL 4238886, at *4 (N.D. Cal. July 13, 2015) (granting motion to dismiss putative class action complaint alleging claims under the CLRA, FAL, and UCL when complaint made only "conclusory allegation[s]" that plaintiffs relied on advertisements). Here, Plaintiffs fail to allege the "what, when, where, or how" that is required of such claims and dismissal is warranted.

### 1.   Plaintiffs' Statutory Claims Fail to Meet the Heightened Pleading Standard.

Throughout the Amended Complaint, Plaintiffs reallege and incorporate by reference the same threadbare facts for each statutory claim, based solely on information, belief, and conjecture. In doing so, they fail to plead the specifics necessary to support ***any*** of the statutory claims, and all three should be dismissed. In fact, each statutory claim is entirely devoid of sufficient factual detail:

**CLRA:** Plaintiffs have not sufficiently pled a claim under the CLRA. Instead, Plaintiffs simply repeat the elements of the statute, alleging that Sleep Number violated Cal. Civ. Code § 1770(a) by "making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions." (Compl. ¶¶76–77.) Plaintiffs further allege that "no true price reductions existed—or at the very least, any amounts of price reductions were exaggerated—in that Defendant's merchandise was rarely, if ever, previously offered for sale and/or sold at the higher Reference Prices for a reasonably substantial period of time" and the Subject Beds were therefore "never sold" except at "falsely discounted prices." (*Id.* ¶77.) Plaintiffs offer nothing but

15

conclusory and unsupported allegations that any of the Subject Beds were ever on sale— much less which beds, when the sales occurred, what the sale prices were, or for how long the sales ran.

**FAL:** Plaintiffs similarly fail to support their FAL claim. To sufficiently plead a FAL claim, Plaintiff must plausibly allege that (1) the advertising statements were untrue or misleading, i.e., the strikethrough price was ***never*** the former price and (2) "the alleged former price was the prevailing market price [] ***within three months next immediately preceding the publication of the advertisement***…" Cal. Bus. Prof'l. Code. §§ 17500–17501 (emphasis added). Neither have been plausibly alleged here. The Complaint contains only conclusory statements that Sleep Number "routinely disseminated in its stores and on its Website false Reference Prices for the Subject Beds, including to Plaintiffs" and "rarely, if ever, offered the Subject Beds at the Reference Prices within the three months immediately preceding the publication of the Reference Prices." (*See* Compl. ¶¶68–72 (providing only conclusory and unsupported allegations that Sleep Number did not routinely use the Reference Prices, which purportedly led to the loss of money by consumers).) As described *supra*, these statements are not supported.

**UCL:** Because Plaintiffs' allegations of "unlawful" conduct depend on the success of the claims under the CLRA and FAL, Plaintiffs' UCL claim must also fail. Plaintiffs assert violations under both the unfair and unlawful prongs of the UCL statute. (Compl. ¶¶48–50.) The allegations of "unfair" conduct similarly come from Plaintiffs' allegations about Sleep Number's alleged use of "false Reference Prices" which "gave consumers the false impression that Defendant's products were regularly sold on the market for a substantially higher price in the recent past than they actually were and thus led to the false impression that Defendant's products were worth more than they actually were." (*Id.* ¶57; *see also id.* ¶¶47–64 (quoting statutes and regulations but otherwise providing the same conclusory allegations discussed above).) These claims add nothing to the allegations already discussed herein.

Each of these claims should be dismissed. Nothing throughout Plaintiffs' statutory claims plausibly alleges any false or deceptive conduct by Sleep Number, and certainly nothing gives rise to viable fraud claims. The entire quantum of proof offered by Plaintiffs consists of an undated screenshot from Sleep Number's website offered as a "representative example," an internet archive image purportedly from July 29, 2023, and an undated order form from Plaintiffs' purchase "on or around July 29." (*Id.* at pp. 5–7.) These cherry-picked "examples" do not support the ongoing scheme Plaintiffs claim Sleep Number is perpetrating.

Even assuming the Complaint plausibly alleges and provides support that the king i8 bed was on sale (at some unspecified price) at or around the time Plaintiffs purchased it, there is no explanation for how a single advertisement and subsequent sale, purportedly honored by Sleep Number, could plausibly mislead or deceive consumers. The Complaint fails to provide any allegations relating to the sale price(s) offered for the i8 bed at ***any other time*** (much less for the three months preceding the July 29, 2023 purchase by Plaintiffs). (*Supra* Section II.) There are also no allegations relating to the pricing of any other Subject Bed at any time. (*Id.*) Without monitoring and/or evidence of consistent back-to-back sales, Plaintiffs cannot plausibly allege that the Reference Prices were not routinely used.

Beyond this deficiency, however, Plaintiffs must also be able to connect the allegedly misleading advertising to their specific purchasing experience. *See Moody*, 2023 WL 9511159, at *7. They have not done so. Plaintiffs conclusory and unsupported allegations are insufficient to show Sleep Number made any false or misleading statements or otherwise engaged in any unfair, unlawful, or deceptive acts. *See, e.g.*, *Vassigh*, 2015 WL 4238886, at *3. Plaintiffs' statutory claims must be dismissed.

///

///

///

2. **Plaintiffs' Fraud Claims Similarly Fail to Meet the Heightened Pleading Standard.**

Like the statutory claims, Plaintiffs' common-law fraud claims for fraudulent misrepresentation and fraudulent concealment are insufficient as pleaded and must be dismissed. "Both affirmative misrepresentation and fraudulent concealment are 'grounded in fraud' and, therefore, must meet the heightened pleading requirements of 9(b)." *Sahakian v. Gen. Motors LLC*, No. 5:23-CV-10634-SPG-AGR, 2024 WL 4003919, at *2 (C.D. Cal. May 8, 2024). *See also Meixner v. Wells Fargo Bank, N.A.*, 101 F. Supp. 3d 938, 955 (E.D. Cal. 2015) (quoting *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 997 (N.D. Cal. 2009) ("[I]n an action based on state law, while a district court will rely on state law to ascertain the elements of fraud that a party must plead, it will follow Rule 9(b) in requiring that the circumstances of the fraud be pleaded with particularity.") Plaintiffs' threadbare and conclusory claims do not meet this bar.

**Fraud (Intentional Misrepresentations):** Plaintiffs have not pleaded a claim for fraudulent misrepresentation, which requires: (1) misrepresentation by way of a false representation, concealment, or non-disclosure; (2) knowledge of falsity (or scienter); (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. *See Antonov v. Gen. Motors LLC*, No. 823CV01593FWSMJR, 2024 WL 217825, at *7 (C.D. Cal. Jan. 19, 2024). "Because a fraudulent misrepresentation claim is one that alleges fraud or mistake, it is subject to the heightened pleading requirement under Rule 9(b) and must be pleaded with particularity." *Sunrise Senior Living Mgmt., Inc., v. Midstone, Inc.*, No. 222CV003377MEMFPVCX, 2022 WL 4842916, at *3 (C.D. Cal. Sept. 30, 2022); *see also Kearns,* 567 F.3d at 1126–27 (dismissing claim for fraudulent misrepresentation as insufficiently pleaded under Rule 9(b).) In support of this claim, Plaintiffs make the conclusory allegation that "Defendant's Reference Price representations are false." (Compl. ¶82.) According to the Complaint, "[a]mong other things, Defendant's representations conveyed false information about the items

18

Plaintiffs and the Class purchased, namely that the items they purchased had sold in the recent past for a reasonably substantial period of time at the higher Reference Price displayed on Defendant's Website and/or in the prevailing market." (*Id.*) With one exception (noted above), nothing in the allegations supports the conclusion that the Subject Beds were offered at any price, much less one less than the Reference Price and thus Plaintiffs have not plausibly shown any intention or knowledge by Sleep Number to defraud its customers.

**Fraudulent Concealment:** To establish their claim for fraudulent concealment, Plaintiffs must plead:

> "(1) the defendant must have concealed or suppressed a material fact; (2) the defendant must have been under a duty to disclose the fact to the plaintiff; (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or [suppression] of the fact, the plaintiff must have sustained damage."

*Monaco v. Mercedes-Benz USA, LLC*, No. 222CV04631MEMFMRWX, 2023 WL 405312, at *6 (C.D. Cal. Jan. 20, 2023) (citations omitted). "Fraudulent concealment is more than the simple nondisclosure of material facts." *Poston v. Gen. Motors, LLC*, No. 24-CV-0082-BAS-JLB, 2024 WL 3558377, at *5 (S.D. Cal. July 22, 2024). Indeed, "[t]o plead active concealment, [p]laintiffs must point to specific affirmative acts [d]efendants took in 'hiding, concealing[,] or covering up the matters complained of.'" *Id.* (quoting *Cho v. Hyundai Motor Co., Ltd.*, 636 F. Supp. 3d 1149, 1166 (C.D. Cal. 2022).) The Ninth Circuit has "made clear" that Rule 9(b)'s heightened pleading standard also applies to fraudulent concealment claims. *See Jones v. Hollywood Unlocked, Inc.*, No. 221CV07929MEMFPVCX, 2022 WL 18674459, at *7 (C.D. Cal. Nov. 22, 2022) (quoting *Kearns*, 567 F.3d at 1126–1127.) In pleading this claim, Plaintiffs baldly assert that "Defendant uniformly disclosed incomplete facts to Plaintiffs and all members of the Class during the Class Period in connection with the Subject Beds." (Compl. ¶91.) According to the Complaint, Sleep Number "disclosed a Reference Price for the Subject Beds by displaying on the

19

product description page for each item . . . a Reference Price substantially higher than the offered selling price, which is marked down or discounted from the Reference Price by a specified percentage discount or dollar amount." (*Id.*) Plaintiffs do not provide any specific factual information about how they know that the "Reference Price" was false, nor could they.

Plaintiffs' common-law fraud claims must both be dismissed for failing to plead the required elements with particularity, much like the statutory claims brought under the UCL, FAL, and CLRA. *See Poston*, 2024 WL 3558377, at *8 (dismissing claims under the UCL based on "insufficiently pled" claims for fraudulent misrepresentation and concealment). Critically, the Complaint makes no estimation of damages—an essential element of all claims for common-law fraud. *See, e.g.*, *Moncada v. W. Coast Quartz Corp.*, 221 Cal. App. 4th 768, 776, 164 Cal. Rptr. 3d 601, 607 (Ct. App. 2013) ("Every element of a fraud cause of action must be specifically pleaded . . . This pleading requirement of specificity applies not only to the alleged misrepresentation, but also to the elements of causation and damage."); *see also Smillie v. Travelers Ins. Co.*, No. 06CV944-H (CAB), 2006 WL 8455807, at *4 (S.D. Cal. Aug. 1, 2006) (granting motion to dismiss claim for fraud when plaintiff did not "sufficiently describe . . . what damages, if any" he suffered as a result of the alleged fraud).

Plaintiffs have failed to plead a claim for common-law fraud under either the theory for intentional misrepresentation or fraudulent concealment, and these claims must therefore be dismissed.

## B.    Plaintiffs Lack Standing.

Plaintiffs have failed to show they have standing. *Blumhorst v. Jewish Fam. Servs. L.A.*, 126 Cal. App. 4th 993, 1000, 24 Cal. Rptr. 3d 474, 479 (Ct. App. 2005). To have standing, a plaintiff "must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision."

20

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1386 (U.S. 2014) (quotation omitted)). Importantly, named plaintiffs in a class action are not exempt from this requirement. *See Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 865 (9th Cir. 2014). In California, at least one named plaintiff must meet the standing requirements for **each claim being sought**. *Id.* Further, because "a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured," and cannot rely on allegations "that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (quotation omitted). In addition to Article III standing, the named plaintiff must establish standing to bring UCL and CLRA claims. *See* Cal. Bus. & Prof'l. Code § 17204; Cal. Civ. Code § 1780(a). These statutes require plaintiffs show that they have suffered an "economic injury." *See Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 323, 246 P.3d 877, 885 (2011). The economic injury requirement under the UCL is "substantially narrower than federal standing . . . which may be predicated on a broader range of injuries." *Id.* at 324, 886.

### 1.   Plaintiffs Lack Standing to Bring Claims Based on Products They Did Not Purchase and Advertisements on Which They Did Not Rely.

Plaintiffs allege they purchased one product, an i8 bed. (Compl. ¶22.) Plaintiffs identify only one advertisement that they saw before their purchase within the relevant 90-day period, which advertised a promotion on Sleep Number's i-series beds. (*Id.* ¶¶21–23.) But these narrow facts are not mirrored in the breadth of the class Plaintiffs seek to represent. Plaintiffs' proposed class consists of any California customer who purchased the Subject Beds within the relevant class period. (*Id.* ¶38.) Because Plaintiffs bring claims based on products they did not buy, or on advertising they did not see, this Court should dismiss the claims for lack of standing.

To provide standing for claims for non-purchased products under the CLRA,

21

UCL and FAL, plaintiffs must detail why the products are substantially similar to those actually purchased. *Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 869 (N.D. Cal. 2012) (holding that California courts apply the "substantially similar" approach when analyzing standing challenges); *Johns v. Bayer Corp.*, No. 09CV1935DMSJMA, 2010 WL 476688, at *5 (S.D. Cal. Feb. 9, 2010) (concluding plaintiff could not "expand the scope of his claims to include a product he did not purchase or advertisements relating to a product that he did not rely upon"). Article III's standing requirement further mandates this approach. Essentially, allowing Plaintiffs to pursue claims based on products they did not purchase or advertisements they did not see would eviscerate the standing requirement by permitting Plaintiffs to rely on injuries "suffered by other, unidentified members of the class," rather than a personal injury. *Lewis*, 518 U.S. at 357; *see Hemy v. Perdue Farms, Inc.*, No. CIV.A. 11-888 FLW, 2011 WL 6002463, at *11 (D.N.J. Nov. 30, 2011) (quotation omitted) ("[A]s various courts have explained, a plaintiff in a class action must show that she has personally been injured; the class plaintiff cannot rely on injuries suffered by other, unidentified members of the class.").[2]

In circumstances like those here, the district courts have dismissed claims brought by a putative class representative where they sought to represent a class of purchasers of products they did not buy. *See Arroyo v. TP-Link USA Corp.*, 2015 WL 5698752, at *4 (N.D. Cal. Sept. 29, 2015). In *Arroyo*, the court found a lack of standing where a class action complaint listed several products (various computer "PowerLine" adapters) that had not been purchased by the named plaintiff. *Id.* The *Arroyo* court held that these allegations were insufficient to provide standing because

---

[2] *See also Ferrari v. Best Buy Co.*, No. CIV. 14-2956 MJD/FLN, 2015 WL 2242128, at *8 (D. Minn. May 12, 2015) (limiting plaintiff's claims and class claims to the product he actually purchased and advertisements he actually saw); *Friedman v. Dollar Thrifty Auto. Grp., Inc.*, 304 F.R.D. 601, 613 (D. Colo. 2015) ("Plaintiffs lack standing to assert claims regarding products they did not purchase."); *Green v. Green Mountain Coffee Roasters, Inc.*, 279 F.R.D. 275, 280 (D.N.J. 2011) ("Plaintiff does not have standing to pursue a claim that products he neither purchased nor used did not work as advertised." (quotation omitted)).

22

plaintiff "never states that he viewed marketing materials for any of the five non-purchased products" and plaintiff failed to "delv[e] into the substantial similarity of each model." *Id.* When analyzing the substantially similar test, the *Arroyo* court noted that plaintiff had "allege[d] the non-purchased products are all substantially similar but only provides a cursory footnote including the other models . . . ." *Id.*

A recent case is additionally illustrative of the importance of determining questions of standing at this stage of litigation. In *Oh v. Fresh Bellies, Inc.*, the court found that plaintiff had not, and could not, show that a purchase of a different product variation of pre-packaged baby food by a different customer was similar enough to constitute "an invasion of [her own] legally protected interest." No. CV 24-5417 PSG (JPRX), 2024 WL 4500727, at *4 (C.D. Cal. Oct. 15, 2024). Although the products (various flavors of the baby food) were similar in nature, that similarity alone did not explain how the plaintiff suffered an injury traceable to the allegedly wrongful conduct of defendants when it came to products she had not bought. *Id.*; *see also Larsen v. Trader Joe's Co.*, No. C 11-05188 SI, 2012 WL 5458396, at *5 (N.D. Cal. June 14, 2012) (dismissing plaintiff's claims on behalf of products she did not purchase and noting that "[a]t this stage plaintiffs must state a claim that can survive a Rule 12(b)(6) motion, irrespective of the future class"). Ultimately, the court in *Oh* held that plaintiff could bring monetary claims on the variation of defendant's product that she purchased, but that she lacked standing to seek injunctive relief and to assert claims on behalf of the class for products that she did not purchase. *Oh*, 2024 WL 4500727, at *5. The same can be said here. Plaintiffs have not demonstrated standing, and their class-based claims must be dismissed

The same can be said here. Plaintiffs cannot be injured by advertisements they never saw, nor by products they never purchased, and the Complaint should be dismissed for lack of standing.

///

///

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES    CASE NO. 2:25-CV-00352 RGK (MAAx)
IN SUPPORT OF MOTION TO DISMISS COMPLAINT

## 2.    **Plaintiffs Lack Standing to Pursue Injunctive Relief.**

Plaintiffs seek injunctive relief as a remedy for all of their statutory claims. (Compl. ¶¶64, 72, 78.) But because Plaintiffs have already discovered the purportedly fraudulent conduct, they lack standing to pursue claims for injunctive relief.

An injunction "is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again. . . ." *City of L.A. v. Lyons*, 461 U.S. 95, 111 (1983). Claims of potential future harm generally do not warrant injunctive relief. *See, e.g.*, *Rahman v. Mott's LLP*, No. CV 13-3482 SI, 2014 WL 5282106, at *4–6 (N.D. Cal. Oct. 15, 2014) *recons. denied,* No. 13-CV-03482-SI, 2014 WL 6815779 (N.D. Cal. Dec. 3, 2014) (dismissing plaintiff's claim for injunctive relief to stop Mott's from including the statement "No Sugar Added" on bottles of apple juice because plaintiff could not "plausibly prove that he will, in the future" rely on the statement); *Garrison v. Whole Foods Mkt. Grp., Inc.*, 13–CV–05222–VC, 2014 WL 2451290, at *5 (N.D. Cal. June 2, 2014) ("The named plaintiffs in this case allege that had they known the Whole Foods products they purchased contained SAPP, they would not have purchased them. Now they know. There is therefore no danger that they will be misled in the future."); *Algarin v. Maybelline, LLC*, 300 F.R.D. 444, 458 (S.D. Cal. 2014) ("These consumers will not benefit from the injunctive relief as they cannot demonstrate probability of future injury; if they know the 'truth' they cannot be further deceived."). Noticeably missing from Plaintiffs' Complaint is any description of how they will be harmed absent some equitable remedy. In fact, the only plausible relief an injunction could garner for Plaintiffs is from future harm, which does not warrant relief. Nothing in Plaintiffs' Complaint suggests they will buy another bed at the allegedly fraudulent price in the future.

///

///

///

24

# V.    **<u>CONCLUSION</u>**

For all of the foregoing reasons, Defendant Sleep Number Corporation respectfully requests that the Court dismiss Plaintiffs' claims in their entirety.

Dated: February 11, 2025               Respectfully submitted,

FOX ROTHSCHILD LLP

By:    */s/ Matthew R. Follett*
Matthew R. Follett

Attorneys for Defendant
*Sleep Number Corporation*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Sleep Number Corporation certifies that this brief contains 5,554 words, which complies with the word limit of L.R. 11-6.1.

Dated: February 11, 2025          FOX ROTHSCHILD LLP

                                  By:    */s/ Matthew R. Follett*
                                         Matthew R. Follett

                                  Attorneys for Defendant
                                  *Sleep Number Corporation*

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on February 11, 2025, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of the filing to the email addresses indicated on the Court's Electronic Mail Notice List.

Dated: February 11, 2025          FOX ROTHSCHILD LLP

                                  By:    */s/ Matthew R. Follett*
                                         Matthew R. Follett

                                  Attorneys for Defendant
                                  *Sleep Number Corporation*

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES          CASE NO. 2:25-CV-00352 RGK (MAAx)
IN SUPPORT OF MOTION TO DISMISS COMPLAINT