Omer Salik (SBN 223056)
Carter Arnett PLLC
111 Pier Ave., Suite 101
Hermosa Beach, California 90254
Tel: (214) 550-8188
Fax: (214) 550-8185
osalik@carterarnett.com

Attorneys for Plaintiffs
Gerardo Prieto and Athena Lonich

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO PRIETO, an individual, and ATHENA LONICH, an individual, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>SLEEP NUMBER CORPORATION,<br><br>Defendant. | Case No.: 2:25-cv-352 RGK-MAA<br><br>**PLAINTIFFS' RESPONSE TO NOTICES OF RELATED CASE** |

Plaintiffs Gerardo Prieto and Athena Lonich ("Plaintiffs") hereby respond to the Notice of Pendency of Other Action Pursuant to Local Rule 83-1.4 filed by Defendant Sleep Number Corporation ("Defendant") (Dkt. 26) and Notice of Related Case filed by third-party June Evans (Dkt. 27). Both Notices contend that *Evans v. Sleep Number Corporation*, No. 1:24-CV-01136-KESSAB (the "Evans case") pending in the United States District Court for the Eastern District of California overlaps with this matter. Plaintiffs disagree.

First, the two matters currently involve different products. The plaintiff in the Evans case purchased a "C2 360 Smart Bed" whereas Plaintiffs here purchased an "i8" bed. *Compare* Dkt. 27 at 11, *with* Dkt. 21, ¶24. Further, the class definition in this case does not include purchasers of the C2 bed at issue in the Evans case. Dkt. 21, ¶¶1, 42 (limiting class to purchasers of "Subject Beds" defined as c4, p6, i8, i10 and m7 beds). While the class definition in the Evans case includes all of Defendant's products, Defendant has argued on a motion to dismiss in the Evans case that plaintiff does not have standing to bring claims with respect to any product other than the specific product Evans purchased. Thus, neither of the Notices demonstrate a sufficient overlap between the two cases.

Further, the Evans Notice contends that it would be a waste of judicial resources for both actions to be litigated in parallel and ask the Court to transfer, stay or dismiss this action. As an initial matter, raising this request in a Notice is improper procedurally. If Evans seeks such an order, she must seek to intervene and request that relief in a motion.

Regardless, the Notice fails to show any risk of wasted judicial resources. A scheduling conference in the Evans case is scheduled for July 10, 2025 – nearly four months after the scheduling conference set for this matter. Further, as discussed above, Plaintiffs here do not seek to certify a class that would include the product purchased by Evans. Thus, adjudication of this case would not affect Evans'

individual claims and only has the potential to limit somewhat the class definition in that case.

Therefore, under these circumstances, there would be no waste of judicial resources in both cases proceeding in parallel. Plaintiffs therefore respectfully submit that the Court should exercise its discretion and deny Evans' request to transfer, stay or dismiss this action. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir.1991) ("The most basic aspect of the first-to-file rule is that it is discretionary; 'an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.'") (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.*, 342 U.S. 180, 183–84, 72 S.Ct. 219, 96 L.Ed. 200 (1952)).

Dated:  February 25, 2025         CARTER ARNETT PLLC

By: /s/ Omer Salik
      Omer Salik

Attorneys for Plaintiffs
Gerardo Prieto and Athena Lonich