JEFF H. GRANT (SBN 218974)
  jgrant@foxrothschild.com
MATTHEW R. FOLLETT (SBN 325481)
  mfollett@foxrothschild.com
FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, CA 90067
Telephone: (310) 598-4150
Facsimile: (310) 556-9828

Attorneys for Defendant
*Sleep Number Corporation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO PRIETO, an individual, and ATHENA LONICH, an individual, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>    vs.<br><br>SLEEP NUMBER CORPORATION,<br><br>          Defendant. | Case No. 2:25-cv-00352 RGK (MAAx)<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:        March 31, 2025<br>Time:      9:00 a.m.<br>Courtroom:  850<br>Judge:     R. Gary Klausner |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on March 31, 2025 at 9:00 a.m., or as soon thereafter as this matter may be heard before the Honorable R. Gary Klausner, in Courtroom 850, of the United States Courthouse, located at Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, CA 90012, Defendant Sleep Number Corporation ("Sleep Number") will and hereby does move to stay discovery pending resolution of its forthcoming motion to dismiss Plaintiff's Amended Complaint ("Motion to Dismiss").

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place via telephone conference on February 19, 2025. During the conferences, counsel for Sleep Number explained its positions and the parties were unable to reach a resolution.

Dated: February 26, 2025                    FOX ROTHSCHILD LLP

By:    */s/ Matthew R. Follett*
Matthew R. Follett

Attorneys for Defendant
*Sleep Number Corporation*

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION.......................................................................................1

II.  FACTUAL BACKGROUND .....................................................................2

III. LEGAL STANDARD .................................................................................3

IV.  ARGUMENT ..............................................................................................4

    A.   The Commonly Used Two Part Test Favors A Stay. ..........................4

        1.   Sleep Number's Motion to Dismiss Highlights Serious Pleading Defects in the Amended Complaint and Raises Threshold Issues Such as Standing..............................................5

        2.   Plaintiffs Have Not Established that Discovery is Needed to Rule on the Motion to Dismiss. ....................................................9

    B.   A "Preliminary Peek" into the Arguments Raised by Sleep Number's Forthcoming Motion to Dismiss Will Demonstrate the Existence of Dispositive Issues that Warrant Dismissal.....................10

    C.   A Consideration of the "Case-by-Case" Factors Weighs in Favor of Granting a Stay Pending Resolution of Sleep Number's Forthcoming Motion to Dismiss. ..........................................................11

    D.   Any Harm to Plaintiffs by a Brief Stay Would be Outweighed by the Potential Harm to Sleep Number if a Stay is Denied. ..................12

V.   CONCLUSION ...........................................................................................15

DEFENDANT'S MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allen v. Protective Life Ins. Co.*,
No. 120CV00530NONEJLT, 2020 WL 5878276 (E.D. Cal. Oct. 2, 2020) ............................................................................................. 13

*Amey v. Cinemark USA Inc.*,
No. CV1306248MMMCWX, 2013 WL 12143815 (C.D. Cal. Oct. 18, 2013) ............................................................................................ 11

*Anders v. California State Univ., Fresno*,
No. 121CV00179AWIBAM, 2021 WL 3021454 (E.D. Cal. July 16, 2021) ............................................................................................... 7

*Apothio, LLC v. Kern Cnty.*,
No. 1:20-CV-00522-JLT-CDB, 2023 WL 2655847 (E.D. Cal. Mar. 27, 2023), *reconsideration denied*, No. 1:20-CV-00522-JLT-CDB, 2024 WL 3890283 (E.D. Cal. Aug. 21, 2024), *on reconsideration in part sub nom. Apothio, LLC v. Youngblood*, No. 1:20-CV-00522-JLT-CDB, 2025 WL 490141 (E.D. Cal. Feb. 13, 2025) ...................... 9

*Arroyo v. TP-Link USA Corp.*,
2015 WL 5698752 (N.D. Cal. Sept. 29, 2015) ...................................... 8

*Bride v. Snap Inc.*,
No. 2:21-CV-06680-FWS-MRW, 2022 WL 17184600 (C.D. Cal. Oct. 21, 2022) ................................................................................. 3, 4, 12

*Brown v. Metro By T-Mobile*,
No. 2:24-CV-01927-WLH-MAR, 2024 WL 5274596 (C.D. Cal. Oct. 22, 2024) ................................................................................. 4, 10, 11

Camacho v. United States, No. 12CV956 CAB (BGS), 2014 WL 12026059 (S.D. Cal. Aug. 15, 2014) ............................................ 7

*In re Church of Jesus Christ of Latter-Day Saints Tithing Litig.*,
No. 2:24-MD-03102-RJS-DAO, 2024 WL 4349160 (D. Utah Sept. 30, 2024) ............................................................................................ 13

*Dennis v. Ralph Lauren Corp.*,
No. 16CV1056-WQH-BGS, 2016 WL 7387356 (S.D. Cal. Dec. 20, 2016) ..................................................................................................... 5

*Doe v. Reddit, Inc.*,
2021 WL 4348731 (C.D. Cal. July 12, 2021) ....................................... 9

*Evans v. Sleep Number Corporation*,
Case No. 24−cv−01136−KES−SAB, Dkt. 25 (February 14, 2025 minute entry order staying the case) ....................................................... 14

DEFENDANT'S MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY

*Ferrell v. AppFolio, Inc.*,
  No. SACV2301353JWHDFMX, 2024 WL 132223 (C.D. Cal. Jan.
  8, 2024) ............................................................................................................ 11

*Garcia v. Welltower OpCo Grp., LLC*,
  No. SACV202250JVSKESX, 2023 WL 8047823 (C.D. Cal. Aug.
  23, 2023) ............................................................................................................. 1

*GTE Wireless, Inc. v. Qualcomm, Inc.*,
  192 F.R.D. 284 (S.D. Cal. 2000) ..................................................................... 14

*Johns v. Bayer Corp.*,
  No. 09CV1935DMSJMA, 2010 WL 476688 (S.D. Cal. Feb. 9,
  2010) ................................................................................................................... 7

*Jones v. Westlake US 2 LLC*,
  No. 2:23-CV-01311, 2024 WL 58179 (W.D. La. Jan. 3, 2024) ....................... 14

*Lewis v. Casey*,
  518 U.S. 343 (1996) ............................................................................................ 7

*Little v. City of Seattle*,
  863 F.2d 681 (9th Cir. 1988) .............................................................................. 3

*Luna v. Girgis*,
  No. 221CV09765FWSAFM, 2022 WL 3012167 (C.D. Cal. June
  30, 2022) ....................................................................................................... 4, 10

*Moody v. Hot Topic, Inc.*,
  No. EDCV230447JGBSPX, 2023 WL 9511159 (C.D. Cal. Nov. 15,
  2023) ................................................................................................................... 6

*Paredes v. Univ. of Phoenix*,
  No. 514CV02554SVWSPX, 2015 WL 13914985 (C.D. Cal. Mar.
  23, 2015) ............................................................................................................. 7

*Quezambra v. United Domestic Workers of Am. AFSCME Loc. 3930*,
  No. 8:10-CV-00927-JLS-JEM, 2019 WL 8108745 (C.D. Cal. Nov.
  14, 2019) ............................................................................................................. 4

*Rutman Wine Co. v. E. & J. Gallo Winery*,
  829 F.2d 729 (9th Cir. 1987) .............................................................................. 3

*Sanchez v. Seibel*,
  No. 5:15-CV-01901-R-DFM, 2019 WL 13038318 (C.D. Cal. July
  11, 2019) (Klausner, J.), *aff'd*, 830 F. App'x 943 (9th Cir. 2020) ..................... 3

*Silver v. City of Albuquerque*,
  No. CV 22-400 MIS/GBW, 2022 WL 9348637, at *2–5 (D.N.M.
  Oct. 14, 2022) ................................................................................................... 13

*Skuraskis v. NationsBenefits Holdings, LLC*,
  717 F. Supp. 3d 1221 (S.D. Fla. 2023) ............................................................ 14

DEFENDANT'S MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY

*Sonneveldt v. Mazda Motor of Am., Inc.*,
No. 819CV01298JLSKES, 2021 WL 4814990 (C.D. Cal. May 4, 2021) .............................................................................................................. 3

*Spann v. J.C. Penney Corp.*,
No. SACV12021 5FMORNBX, 2014 WL 12634887 (C.D. Cal. Feb. 21, 2014) .............................................................................................................. 7

*Spearman v. I Play, Inc.*,
No. 217CV01563TLNKJN, 2018 WL 1382349 (E.D. Cal. Mar. 19, 2018) .............................................................................................................. 9

*SSI (U.S.), Inc. v. Ferry*,
No. SACV212073JVSPDX, 2021 WL 4812952 (C.D. Cal. May 25, 2021) .......................................................................................................... 4, 5

*Stavrianoudakis v. U.S. Dep't of Fish & Wildlife*,
No. 1:18-CV-01505-LJO-BAM, 2019 WL 9667685 (E.D. Cal. Dec. 20, 2019) .......................................................................................................... 11

*Vess v. Ciba-Geigy Corp. USA*,
317 F.3d 1097 (9th Cir. 2003) .................................................................. 5

*In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*,
No. CV19ML2905JAKPLAX, 2022 WL 19236923 (C.D. Cal. Sept. 6, 2022) .......................................................................................................... 14

**Statutes**

Civil Code §§ 1750, *et seq.* ...................................................................... 2

False Advertising Law, Bus. & Prof. Code §§ 17500, *et seq.* ...................... 2

Unfair Competition Law, Bus. & Prof. Code §§ 17200, *et seq* ...................... 2

**Court Rules**

Fed. R. Civ. P. 26(c)(1) ............................................................................ 3

Federal Rule of Civil Procedure 12(b)(6) ........................................... 1, 15

iv

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Sleep Number Corporation ("Sleep Number") moves to stay discovery pending resolution of its forthcoming Motion to Dismiss Plaintiffs' Gerardo Prieto, an individual, and Athena Lonich, an individual, and on behalf of themselves and all others similarly situated (collectively, "Plaintiffs") Class Action Amended Complaint, Dkt. 21 ("Amended Complaint").

## I.    INTRODUCTION

Plaintiffs' recently filed Amended Complaint remains plagued with deficiencies—including failure to state a claim and a lack of standing—thereby warranting dismissal. Given these deficiencies, Sleep Number requests a stay of discovery pending the Court's ruling on the survivability of Plaintiffs' claims. Indeed, this Court has held that Federal Rule of Civil Procedure 12(b)(6) is designed "to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery." *See Garcia v. Welltower OpCo Grp., LLC*, No. SACV202250JVSKESX, 2023 WL 8047823, at *2 (C.D. Cal. Aug. 23, 2023) (citation omitted) ("The pending motion to dismiss is case dispositive. The Court finds no reason as to why discovery is needed prior to the disposition of the motion to dismiss.")

Sleep Number's forthcoming Motion to Dismiss is potentially dispositive of Plaintiffs' entire Amended Complaint and, at the very least, could serve to significantly narrow the issues on which discovery is required. The documents and information likely sought by Plaintiffs through discovery (financials, customer information, *etc*.) are of the utmost confidentiality and due to the sweeping size of Plaintiffs' proposed class (purchasers of multiple products over several years), would involve significant and invasive discovery efforts that may later be determined unnecessary. As such, the burden imposed on Sleep Number in going forward with discovery now is substantial and outweighs any potential burden (to the extent any

exists) placed upon Plaintiffs in not granting the requested stay. Accordingly, a stay of discovery is appropriate.

## II.    FACTUAL BACKGROUND

Plaintiffs allege they visited a Sleep Number store in Palmdale, California "on or about July 29, 2023" and then purchased a king i8 Sleep Number mattress and base (collectively, the "Bed"). (Dkt. 21, Am. Compl. ¶¶ 21–24.) Plaintiffs allege they bought the Bed on sale and that the mattress was advertised with a former price of $4,599 and discounted to $3,759.20, and the base was advertised with a former price of $549 with a discount to $439. (*Id.* ¶¶ 24–25.) The crux of Plaintiffs' complaint is that the Bed and other Sleep Number products are perpetually on sale and were never sold at regular price. Based on this common set of facts, Plaintiffs allege multiple claims, including violations of California's: (i) Consumer Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et seq.*; (ii) False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq.*; (iii) Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq*., (Dkt. 21, Am. Compl. ¶¶ 51–83), and multiple common law fraud claims, (*id.* ¶¶ 84–103). Additionally, Plaintiffs seek to represent a class of state-wide purchasers of numerous Sleep Number products over a three-year period. (*Id.* ¶¶ 42–50.)

After Sleep Number moved to dismiss Plaintiffs' original complaint, (*see* Dkt. 17), Plaintiffs quickly filed their Amended Complaint, (*see* Dkt. 21). The Amended Complaint does little to remedy the defects of its predecessor and is likewise insufficient for all of the same reasons. For instance, the Amended Complaint relies on just two unverified ads for an i8 bed from 2023, but such evidence does not support Plaintiffs' conclusory allegations that any product(s) were perpetually on sale for months, let alone years. (*See id*. at ¶¶ 14–35 (further showing Plaintiffs' purchase price is different than the cited ad price).) As such, for the reasons already articulated in motion practice, those discussed herein, and those outlined in Sleep Number's forthcoming Motion to Dismiss Plaintiffs' Amended Complaint ("Motion to

Dismiss") (to be filed on or before March 4, 2025), Sleep Number requests a stay of discovery pending resolution on the dispositive issues pending before this Court.

## III.    LEGAL STANDARD

This Court "has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). A district court may stay discovery to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Additionally, the Court also has discretion to issue a protective order to stay discovery for good cause shown. *Sanchez v. Seibel*, No. 5:15-CV-01901-R-DFM, 2019 WL 13038318, at *1 (C.D. Cal. July 11, 2019) (Klausner, J.), *aff'd*, 830 F. App'x 943 (9th Cir. 2020) (citing Fed. R. Civ. P. 26(c).). Good cause exists when "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case." *Id.* "***Good cause exists to stay discovery while a motion to dismiss is or will be pending.***" *Id.* (emphasis added). The very purpose of a motion to dismiss "is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

Though the Ninth Circuit has not provided a uniform standard to determine when it is appropriate to stay discovery pending a dispositive motion, judges in the Central District of California often apply a two-part test. Under this formulation, a stay of discovery is appropriate where, as here, (1) "the pending motion [is] potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed," and (2) "the pending, potentially dispositive motion can be decided absent additional discovery." *Sonneveldt v. Mazda Motor of Am., Inc.*, No. 819CV01298JLSKES, 2021 WL 4814990, at *1 (C.D. Cal. May 4, 2021) (citing *Quezambra v. United Domestic Workers of Am. AFSCME Loc. 3930*, No. 8:10-CV-00927-JLS-JEM, 2019 WL 8108745, at *2 (C.D. Cal. Nov. 14, 2019)); *see also Bride v. Snap Inc.*, No. 2:21-CV-06680-FWS-MRW, 2022 WL 17184600, at *3 (C.D. Cal. Oct. 21, 2022) (applying two part test and granting motion to stay discovery pending

motion to dismiss); *Luna v. Girgis,* No. 221CV09765FWSAFM, 2022 WL 3012167, at *2 (C.D. Cal. June 30, 2022) (same); *SSI (U.S.), Inc. v. Ferry,* No. SACV212073JVSPDX, 2021 WL 4812952, at *3 (C.D. Cal. May 25, 2021) (same).

An alternative standard "requires the court to 'take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an *immediate and clear possibility* that it will be granted.'" *Luna,* 2022 WL 3012167 at *2 (quoting *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 286 (S.D. Cal. 2000)). A third approach considers a case-by-case analysis of factors including the type of dispositive motion, the expected extent of discovery in light of the number of parties and complexity of the issues, and the posture or stage of litigation. *Bride*, 2022 WL 17184600 at *2–3 (quoting *Nguyen v. BMW of N. Am., LLC*, 2021 WL 2284113, at *3 (S.D. Cal. June 4, 2021)). In evaluating a motion to stay under any of the proposed standards, "a court inevitably must balance the harm[s]" created by any delay with the need for such discovery. *Brown v. Metro By T-Mobile*, No. 2:24-CV-01927-WLH-MAR, 2024 WL 5274596, at *3 (C.D. Cal. Oct. 22, 2024) (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)).

## IV. <u>ARGUMENT</u>

Regardless of the approach applied, the facts of this case warrant a stay of discovery pending the outcome of Sleep Number's forthcoming Motion to Dismiss. Further, the burden on Sleep Number should discovery proceed on claims later dismissed greatly outweighs any prejudice Plaintiffs will suffer with a short stay.

### A. <u>The Commonly Used Two Part Test Favors A Stay.</u>

Under the more commonly applied two-part test, a stay of discovery pending resolution of a motion to dismiss is warranted where the pending motion is "potentially dispositive of the entire case" or where the motion "can be decided absent additional discovery." *Quezembra*, 2019 WL 8108745, at *2 (staying discovery because pending motion to dismiss was "potentially dispositive of the entire case" in raising issues related to standing, adequacy of pleadings and

allegations and finding that Court could "resolve these questions without requiring further discovery"); *see also SSI (U.S.), Inc*, 2021 WL 4812952, at *3 (staying discovery upon finding that "the pending motion to dismiss is indeed potentially dispositive because it seeks to dismiss all claims" and because ruling on the motion did not require discovery). Because Sleep Number has identified both procedural and pleading defects within Plaintiffs' Amended Complaint which warrant disposal of this case in its entirety, and these defects cannot be resolved through discovery and additional amendment, a stay of discovery is warranted here.

1.   **Sleep Number's Motion to Dismiss Highlights Serious Pleading Defects in the Amended Complaint and Raises Threshold Issues Such as Standing.**

As written, Plaintiffs' Amended Complaint cannot survive, at least because all of Plaintiffs' claims ring in fraud, triggering the heightened pleading standard of Rule 9(b), which they have failed to meet. *See Dennis v. Ralph Lauren Corp.*, No. 16CV1056-WQH-BGS, 2016 WL 7387356, at *4 (S.D. Cal. Dec. 20, 2016) (granting motion to dismiss claims under UCL, CLRA, and FAL that relied upon "vague and conclusory" allegations). (*See also* Dkt. 17 at 13–20 (collecting cases and outlining the lack of factual allegations and pleading defects related to each of Plaintiffs' CLRA, FAL, and UCL statutory claims as well as the common law claims within the complaint).) A reading of the Amended Complaint shows Plaintiffs have failed to sufficiently describe the "who, what, when, where and how" of the allegedly fraudulent conduct and the allegations are otherwise devoid of specific facts or evidence of Sleep Number's purported wrongdoing. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged.") Here, and as more fulsomely articulated in both Sleep Number's filed and forthcoming Motions to Dismiss, the Amended Complaint fails—under the heightened pleading standard—to plausibly allege a claim on which relief can be

1    granted or that Plaintiffs even have standing to bring these claims.

2         First, the Amended Complaint offers only threadbare and conclusory
3    allegations and incomplete facts related to Plaintiffs' purchase of the Bed to claim a
4    widespread scheme by Sleep Number to defraud its customers by never offering its
5    products at "regular" price. (*See e.g.,* Dkt. 21, Am. Compl. ¶¶ 72–76 (providing only
6    conclusory and unsupported allegations that Sleep Number did not routinely use the
7    reference prices, which purportedly led to the loss of money by consumers), ¶ 59 (stating
8    Sleep Number misleads its customers by "making false or misleading statements of fact
9    concerning the reasons for, existence of, or amounts of price reductions"), ¶¶ 52–68
10   (quoting statutes and regulations but otherwise providing the same conclusory
11   allegations discussed above).) In fact, the entire quantum of proof offered by Plaintiffs
12   for all of its claims consists of an undated screenshot from Sleep Number's website
13   offered as a "representative example," an internet archive image purportedly from
14   July 29, 2023, and an undated order form from Plaintiffs' purchase "on or around
15   July 29." (*Id.* at ¶¶ 1, 14–25 (further offering only conclusory allegations that
16   multiple other products were also perpetually on sale).) But such allegations fail to
17   plausibly allege any *actually* false or deceptive conduct by Sleep Number, and
18   certainly nothing gives rise to viable fraud claims (whether statutory or common
19   law). At best, Plaintiffs' allegations demonstrate that the i8 bed was offered for sale
20   on one or two dates in 2023 and that Plaintiffs purportedly purchased their Bed on
21   one of those dates, but the allegations fail to plausibly allege the i8 bed (or any other
22   product) was perpetually on sale for months or years.

23        Plaintiffs also fail to connect the allegedly misleading advertising to their
24   specific purchasing experience. *See Moody v. Hot Topic, Inc.*, No.
25   EDCV230447JGBSPX, 2023 WL 9511159, at *7 (C.D. Cal. Nov. 15, 2023) (citation
26   omitted) (noting to meet the heightened pleading standard for fraud-based violations
27   of the consumer statutes under Fed. R. Civ. P. 9(b), plaintiffs must "specify what []
28   advertisements or other sales material specifically stated and specify when [they

6

were] exposed to them or which ones [they] found material."). For instance, Plaintiffs' purchase price is not reflected in the only ads included in the Complaint. (*See* Dkt. 21 ¶¶ 14–25 (identifying only two ads, neither of which reflect Plaintiffs' purchase price).) Absent sufficient detail, Plaintiffs' claims cannot survive.

Plaintiffs' failure to identify, with particularity, how Sleep Number's advertising campaign was improper as to any product warrants a full dismissal. *See Paredes v. Univ. of Phoenix*, No. 514CV02554SVWSPX, 2015 WL 13914985, at *2 (C.D. Cal. Mar. 23, 2015) (dismissing complaint that described only "most of the circumstances with particularity"); *Spann v. J.C. Penney Corp.*, No. SACV120215FMORNBX, 2014 WL 12634887, at *4 (C.D. Cal. Feb. 21, 2014) (internal citations omitted) ("Plaintiff's conclusory allegations that defendant 'has gone back to its false price comparisons which violate California law' and that it 'continues to violate' state law, are insufficient to state a cognizable cause of action."); *see also Johns v. Bayer Corp.*, No. 09CV1935DMSJMA, 2010 WL 476688, at *5 (S.D. Cal. Feb. 9, 2010) (concluding plaintiff could not "expand the scope of his claims to include a product he did not purchase or advertisements relating to a product that he did not rely upon").

Second, Plaintiffs have failed to show they have standing to pursue claims on behalf of their purported class. *See Lewis v. Casey*, 518 U.S. 343, 357 (1996) (citations omitted) (simply because "a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured," and cannot rely on allegations "that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent"). This standing challenge poses a threshold issue which should be determined before the parties engage in discovery or other litigation expenses. *See Camacho v. United States*, No. 12CV956 CAB (BGS), 2014 WL 12026059, at *5 (S.D. Cal. Aug. 15, 2014) (granting motion to stay discovery pending motion to dismiss on standing grounds); *see also Anders v.*

7

*California State Univ., Fresno*, No. 121CV00179AWIBAM, 2021 WL 3021454, at
*4 (E.D. Cal. July 16, 2021) (granting motion to stay discovery pending resolution
of motion to dismiss on grounds that plaintiffs lacked standing and failed to plead
plausible claims). Here, Plaintiffs seek to represent a state-wide class of customers
who purchased variations of six different Sleep Number beds. To show they have
standing, Plaintiffs must sufficiently allege how the other products in the proposed
class are substantially similar to the Bed they bought (an i8) as well as provide
evidence of allegedly deceptive advertisements that relate to the purchases of other
class members. *See Arroyo v. TP-Link USA Corp.*, 2015 WL 5698752, at *4 (N.D.
Cal. Sept. 29, 2015) (finding lack of standing where plaintiff failed to describe how
the class of products were similar to those he purchased and did not state that he
viewed any marketing materials for the class products he did not purchase). Plaintiffs
have not done so.

Plaintiffs have only identified a single advertisement they allegedly viewed
before making their purchase, which does not even reflect Plaintiffs' purchase price.
(Dkt. 21, Am. Compl. ¶¶ 21–25.) Besides failing to show how Plaintiffs themselves
were injured, Plaintiffs have not shown how anyone else was injured or why Plaintiffs
have standing to represent (i) all purchasers of multiple products that they didn't buy,
(ii) over a three year period, (iii) based on ads they never saw nor relied on. (*See*, *e.g.*,
*id.* ¶¶ 1, 14–25; Dkt. 17 at 20–24 (explaining how Plaintiffs cannot bring claims
related to products they did not purchase and how they lack standing to bring claims
for injunctive relief for past-occurred harm).) Nowhere in the Amended Complaint
do Plaintiffs describe advertisements relating to beds—other than the Bed they
purchased—that were allegedly deceptive, nor do they identify *any additional*
advertisements purportedly viewed by the class throughout the requested three year
class period. (*See* Dkt. 21 ¶¶ 1, 14–25 (identifying multiple products in the class but
identifying just two i8 bed ads allegedly from the same year, neither of which reflect
Plaintiffs' purchase price).) Plaintiffs can hardly seek to represent a class of "injured"

8

1   customers for multiple different products based on a single screenshot of a sale for

2   one product allegedly offered by Sleep Number in July of 2023. That said, if Plaintiffs

3   pursue the anticipated discovery, Sleep Number would be forced to engage in

4   discovery related to Plaintiffs' purchase, as well as the hundreds, if not thousands, of

5   purchases covered under Plaintiffs' proposed class, all to find out Plaintiffs do not

6   have standing to pursue class-wide claims. This threshold issue must be resolved

7   before discovery can commence.

8       Even if Sleep Number's Motion to Dismiss is not dispositive of all issues,

9   resolution of the forthcoming motion will likely substantially narrow the scope of the

10  case and limit the amount of discovery required, making a stay appropriate.

11          **2.**      **Discovery is Not Needed to Rule on the Motion to Dismiss.**

12      There is no need to engage in discovery to resolve Sleep Number's

13  forthcoming Motion to Dismiss, which further supports a stay. *See Apothio, LLC v.*

14  *Kern Cnty.*, No. 1:20-CV-00522-JLT-CDB, 2023 WL 2655847, at *6 (E.D. Cal. Mar.

15  27, 2023), *reconsideration denied*, No. 1:20-CV-00522-JLT-CDB, 2024 WL

16  3890283 (E.D. Cal. Aug. 21, 2024), *on reconsideration in part sub nom. Apothio,*

17  *LLC v. Youngblood*, No. 1:20-CV-00522-JLT-CDB, 2025 WL 490141 (E.D. Cal.

18  Feb. 13, 2025) (granting stay of discovery pending motion to dismiss where moving

19  party showed discovery was not needed to resolve motion to dismiss); *Doe v. Reddit,*

20  *Inc.*, 2021 WL 4348731, at *7 (C.D. Cal. July 12, 2021) ("Plaintiffs' motion to

21  dismiss would potentially be dispositive and result in the dismissal of each of

22  Plaintiffs' claims. The Court has so concluded without the need to consult additional

23  discovery. Thus, it is appropriate to grant a stay of discovery pending Reddit's motion

24  to dismiss."); *Spearman v. I Play, Inc.*, No. 217CV01563TLNKJN, 2018 WL

25  1382349, at *2 (E.D. Cal. Mar. 19, 2018) (granting motion to stay where "[t]he

26  motion to dismiss is fully briefed and can be decided without additional discovery")

27      Here, the issues with Plaintiffs' Amended Complaint will not be resolved

28  through discovery. Namely, any of Sleep Number's sales or product pricing

information is necessarily publicly available information that would have and could have been discovered through any sufficient pre-suit investigation. Further, no amount of discovery can fix Plaintiffs' issues with standing—they cannot bring claims based on products they have not purchased nor on advertisements on which they did not rely. No information provided by Sleep Number would evidence additional purchases made or advertisements viewed *by Plaintiffs.* In fact, Sleep Number anticipates engaging in discovery will only further damage Plaintiffs' case. Namely, that Plaintiffs' purchase was not discounted because of some brand-wide sale, but was rather purchased using a coupon code Plaintiffs received from being regular Sleep Number customers. (Declaration of Dennis Hansen ¶¶ 2–5.) Additionally, discovery will show that the Bed bought by Plaintiffs was a new, next gen bed that came out just weeks before Plaintiffs' purchase and was regularly sold at full price in the time leading up to and after Plaintiffs' purchase. (*Id.*) These facts alone further diminish Plaintiffs' claims.

Plaintiffs cannot reasonably argue that some sort of information from Sleep Number would bolster their allegations. Because this Court can resolve Sleep Number's Motion to Dismiss without needing to resort to discovery, a short stay of discovery is warranted.

**B.** **A "Preliminary Peek" into the Arguments Raised by Sleep Number's Forthcoming Motion to Dismiss Will Demonstrate the Existence of Dispositive Issues that Warrant Dismissal.**

If the Court were to instead apply the "preliminary peek" approach, a stay would be equally warranted. As with the first consideration under the above-outlined two-part test, under this approach, a court must determine whether the pending dispositive motion facially appears to have an immediate and clear possibility of success. *See Luna*, 2022 WL 3012167, at *2. A court need not engage in a "full evaluation of the merits" nor determine that the motion's success is "immediately certain" or a "foregone conclusion." *See Brown*, 2024 WL 5274596, at *2. This

10

approach is "not intended to prejudge" the outcome of the dispositive motion. *Id.* Rather, the Court must determine whether the arguments raised in the motion have a ***chance to result in the disposition of the case***. *See Ferrell v. AppFolio, Inc.*, No. SACV2301353JWHDFMX, 2024 WL 132223, at *1 (C.D. Cal. Jan. 8, 2024) (holding, without "exhaustively reviewing the merits" that arguments raised in defendant's motion had "sufficient merit to be potentially dispositive of the entire case"); *see also Stavrianoudakis v. U.S. Dep't of Fish & Wildlife*, No. 1:18-CV-01505-LJO-BAM, 2019 WL 9667685, at *3 (E.D. Cal. Dec. 20, 2019) (holding, "[w]ithout determining the merits of the pending motions" that defendants' arguments were "sufficiently meritorious for a finding that the motions are potentially dispositive of the case"). As discussed *supra* § IV(A)(1), not only does the Amended Complaint posit serious questions on whether Plaintiffs have standing to pursue claims based on their requested class, it lacks sufficient detail as required by Rule 9(b) to prevail on Plaintiffs' individual claims, all of which sound in fraud. A "peek" into Sleep Number's Motion to Dismiss arguments show at least a chance (and likely more) that some, if not all, of Plaintiffs' claims cannot survive. A stay of discovery is appropriate while the Court makes that determination.

**C.**     <u>**A Consideration of the "Case-by-Case" Factors Weighs in Favor of Granting a Stay Pending Resolution of Sleep Number's Forthcoming Motion to Dismiss.**</u>

Finally, the "case-by-case" approach similarly weighs in favor of a stay. *See Amey v. Cinemark USA Inc.*, No. CV1306248MMMCWX, 2013 WL 12143815, at *2 (C.D. Cal. Oct. 18, 2013) (quoting *Skellercup Indus. Ltd. v. City of L.A.*, 164 F.R.D. 598, 600–01 (C.D. Cal. 1995)) ("In considering whether a stay of all discovery pending the outcome of a dispositive motion is warranted, a case-by-case analysis is required.") Factors relevant to this analysis include: the type of pending dispositive motion and whether it is a challenge as a matter of law or to the sufficiency of the complaint allegations; the nature and complexity of the action; whether

counterclaims and/or cross-claims have been asserted; whether some or all of the defendants join in the request for a stay; the posture or stage of the litigation; the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and any other relevant circumstances. *Bride*, 2022 WL 17184600 at *2–3 (quoting *Nguyen*, 2021 WL 2284113, at *3).

Here, Sleep Number's Motion to Dismiss challenges the threshold issue of Plaintiffs' validity as a named plaintiff in a class action suit, but also points out the pleading defects remaining within the Amended Complaint are of a level that shows Plaintiffs simply have not sufficiently alleged information needed to plead their case. Because this case is in its infancy, the nature and complexity of the action is fairly simple: the sufficiency of the complaint is in dispute, no counterclaims or cross-claims have been asserted, and the parties have not engaged in any discovery. However, should Plaintiffs attempt to progress collecting discovery based on the proposed class, the issues will grow substantially (i.e. examining issues related to dozens of different Sleep Number beds/models as well as information related to the sales thereof, including financial and customer data, over at least three years). Put simply, this case is in its infancy and the scope of both the case and discovery needed to litigate the case will vary greatly depending on the outcome of Sleep Number's Motion to Dismiss. This approach favors a stay.

**D.** <u>**Any Harm to Plaintiffs by the Brief Stay Would be Outweighed by the Potential Harm to Sleep Number if a Stay is Denied.**</u>

Finally, regardless of the approach used, the harm caused to Sleep Number if discovery were to proceed in this case is much greater than any potential harm to Plaintiffs should the case hit a short pause pending the outcome of dispositive issues. As discussed herein, discovery is not needed to defend against the Motion to Dismiss, nor is immediate discovery necessary to preserve evidence related to Plaintiffs'

individual or class-based claims.[1] A stay will not push Plaintiffs past any pending discovery deadlines, since the Court has not yet issued a scheduling order, and as of the time of filing, no discovery has been served. Moreover, Sleep Number merely requests a stay until there can be a resolution of key dispositive issues. Plaintiffs will have ample time to seek discovery on its remaining claims, if any, once the scope of Plaintiffs' case is determined and be equally capable of prosecuting its case at that time.

Conversely, the harm to Sleep Number should discovery proceed would be significant. Indeed, courts recognize that the "***burdens attendant to discovery on class action claims exceed the normal burdens of litigation*** and therefore are particularly salient for purposes of a motion to stay discovery." *Silver v. City of Albuquerque,* No. CV 22-400 MIS/GBW, 2022 WL 9348637, at *2–5 (D.N.M. Oct. 14, 2022) (granting motion to stay discovery pending resolution of motion to dismiss class action and further finding plaintiffs prejudice arguments were no greater than any "generic" plaintiffs' interests and that even if stays pending 12(b)(6) motions are generally disfavored "***the pendency of a motion that could be fully dispositive of a purported class action is a unique circumstance that weights in favor a stay***") (emphasis added). Because class action lawsuits threaten significant volumes of discovery that exceed normal litigation burdens, courts routinely grant motions to stay discovery when a motion may fully dispose of a purported class action. *See, e.g.*, *Allen v. Protective Life Ins. Co.*, No. 120CV00530NONEJLT, 2020 WL 5878276, at *6 (E.D. Cal. Oct. 2, 2020) (granting request to stay discovery where "the Court agrees with Defendants' argument that they will suffer hardship if discovery progresses and they are forced to expend significant time and resources engaging in individual and class discovery issues that are moot"); *see also In re Church of Jesus Christ of Latter-Day Saints Tithing Litig.*, No. 2:24-MD-03102-RJS-DAO, 2024 WL

---

[1] Indeed, a litigation hold is in place for this matter and both Sleep Number, and its counsel are ensuring preservation of evidence.

DEFENDANT'S MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY

4349160, at *2–4 (D. Utah Sept. 30, 2024) (granting motion to stay discovery pending resolution of motion to dismiss class action because it would minimize "substantial burden" facing defendants, not preclude plaintiffs' access to a fair trial, and promote efficient resolution of case); *Jones v. Westlake US 2 LLC*, No. 2:23-CV-01311, 2024 WL 58179, at *1 (W.D. La. Jan. 3, 2024) (staying discovery pending resolution of motion to dismiss class action complaint where discovery would be "substantial" and the court found no prejudice to plaintiff from granting a short stay); *Skuraskis v. NationsBenefits Holdings, LLC*, 717 F. Supp. 3d 1221, 1232 (S.D. Fla. 2023) (granting stay of discovery pending motion to dismiss and transfer class action complaint finding a stay reasonable where there was a risk defendant would be forced to "incur significant costs" in engaging in class allegations that may not survive).

Additionally, the discovery likely to be sought by Plaintiffs will implicate Sleep Number's sensitive consumer and financial information. Denying the stay would mean that Sleep Number must "sort through a vast amount of information" and "turn over highly sensitive and propriety information." *GTE Wireless, Inc.*, 192 F.R.D. at 289. If Sleep Number's Motion to Dismiss is ultimately successful, these discovery efforts "will have been wasted." *Id.* Forcing Sleep Number into premature, expensive, and invasive discovery where, as here, resolution of a Motion to Dismiss is likely to moot or at least significantly narrow any discovery is incredibly prejudicial and placing such a burden on Sleep Number would be improper at this time.

Finally, staying discovery until this Court rules on Sleep Number's forthcoming Motion to Dismiss will promote efficiency in this proceeding.[2] *See In*

---

[2] It is also worth noting that a related case has been filed in the Eastern District of California. (*See* Dkt. 26 (Notice of Related Case).) Sleep Number has also moved to dismiss those claims. Upon filing of its motion to dismiss, the court *sua sponte* stayed the case until July 2025 to allow for resolution of dispositive issues before the parties engage in discovery and litigation costs. *Evans v. Sleep Number Corporation*, Case No. 24−cv−01136−KES−SAB, Dkt. 25 (February 14, 2025 minute entry order staying the case).

1   *re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, No. CV19ML2905JAKPLAX,

2   2022 WL 19236923, at *5 (C.D. Cal. Sept. 6, 2022) ("Pausing discovery until the

3   District Judge decides the Rule 12 (b)(6) motion promotes efficiency and complies

4   with the goal of achieving a 'just, speeding, and inexpensive' resolution, as this

5   allows the parties to participate in future discovery with a clear understanding of

6   which claims, if any, defendant ST must answer."). Based on conversations between

7   counsel and the estimated discovery Plaintiffs will seek, Sleep Number anticipates

8   the parties will disagree about the breadth and scale of discovery, resulting in disputes

9   that may likely be rendered moot upon an order from this Court. Rather than engaging

10  in discovery fights now, the parties can preserve time and resources while waiting

11  for determination on the scope and survivability of Plaintiffs' claims.

12       In sum, a stay pending resolution of Sleep Number's Motion to Dismiss will

13  benefit the parties as well as the Court.

14  **V.    CONCLUSION**

15       For all of the foregoing reasons, Defendant Sleep Number Corporation

16  respectfully requests that the Court stay discovery pending an order on its

17  forthcoming Motion to Dismiss Plaintiffs' Amended Complaint.

18

19  Dated: February 26, 2025              Respectfully submitted,

20                                        FOX ROTHSCHILD LLP

21                                        By:   */s/ Matthew R. Follett*

22                                              Matthew R. Follett

23                                        Attorneys for Defendant

24                                        *Sleep Number Corporation*

25

26

27

28

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Sleep Number Corporation certifies that this brief contains 4,978 words, which complies with the word limit of L.R. 11-6.1.

Dated: February 26, 2025          FOX ROTHSCHILD LLP

                                  By:    _/s/ Matthew R. Follett_
                                          Matthew R. Follett

                                  Attorneys for Defendant
                                  _Sleep Number Corporation_


## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on February 26, 2025, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of the filing to the email addresses indicated on the Court's Electronic Mail Notice List.

Dated: February 26, 2025          FOX ROTHSCHILD LLP

                                  By:    _/s/ Matthew R. Follett_
                                          Matthew R. Follett

                                  Attorneys for Defendant
                                  _Sleep Number Corporation_

DEFENDANT'S MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY