JEFF H. GRANT (SBN 218974)
  jgrant@foxrothschild.com
MATTHEW R. FOLLETT (SBN 325481)
  mfollett@foxrothschild.com
FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, CA 90067
Telephone: (310) 598-4150
Facsimile: (310) 556-9828

ANDREW S. HANSEN (*Pro Hac Vice*)
  ahansen@foxrothschild.com
LUKAS D. TOFT (*Pro Hac Vice*)
  ltoft@foxrothschild.com
KATHERINE GENESER (*Pro Hac Vice*)
  kgenesers@foxrothschild.com
FOX ROTHSCHILD LLP
33 South 6th Street, Suite 3600
Minneapolis, MN 55402
Telephone: (612) 607-7000
Facsimile: (612) 607-7100

Attorneys for Defendant
*Sleep Number Corporation*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO PRIETO, an individual, and ATHENA LONICH, an individual, on behalf of themselves and all others similarly situated,<br><br>              Plaintiffs,<br><br>      vs.<br><br>SLEEP NUMBER CORPORATION,<br><br>              Defendant. | Case No. 2:25-cv-00352 RGK (MAAx)<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  April 7, 2025<br>Time:  9:00 a.m.<br>Courtroom:  850<br>Judge:  R. Gary Klausner |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on April 7, 2025 at 9:00 a.m., or as soon thereafter as this matter may be heard before the Honorable R. Gary Klausner, in Courtroom 850, of the United States Courthouse, located at Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, CA 90012, Defendant Sleep Number Corporation ("Sleep Number") will and hereby does move to dismiss the Amended Class Action Complaint ("Amended Complaint") of Plaintiffs Gerardo Prieto, an individual, and Athena Lonich, an individual, on behalf of themselves and all others similarly situated, and each claim asserted therein against Sleep Number, under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that:

1.  The Amended Complaint fails to state a claim under the Consumers Legal Remedies Act.

2.  The Amended Complaint fails to state a claim under the False Advertising Law.

3.  The Amended Complaint fails to state a claim under the Unfair Competition Law.

4.  The Amended Complaint fails to state a claim for fraudulent misrepresentation.

5.  The Amended Complaint fails to state a claim for fraudulent concealment.

6.  Plaintiffs lack standing to bring claims on behalf of the purported class.

Sleep Number's motion to dismiss is based on this notice of motion and motion, the supporting memorandum of points and authorities, the proposed order, all pleadings and papers on file in this case, the arguments of counsel, and on such other matters as the Court may consider.

This motion is made following the conferences of counsel pursuant to L.R. 7-3, which took place via telephone on February 19, 2025 and follow-up

communications on February 20, 2025. During the conferences, counsel for Sleep Number explained its positions and the parties were unable to reach a resolution.

Dated: March 4, 2025                    FOX ROTHSCHILD LLP

                                        By:    */s/ Andrew S. Hansen*
                                               Andrew S. Hansen

                                        Attorneys for Defendant
                                        *Sleep Number Corporation*

3

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ..............................................................................1

II.   FACTUAL BACKGROUND ..........................................................2

III.  LEGAL STANDARD ....................................................................4

IV.   ARGUMENT .................................................................................5

    A.    Plaintiffs Have Failed to Meet the Heightened Pleading Standard Required for Each of Their Claims. ...........................................5

        1.    Plaintiffs' Statutory Claims Fail to Meet the Heightened Pleading Standard. ....................................................7

        2.    Plaintiffs' Fraud Claims Similarly Fail to Meet the Heightened Pleading Standard. ...............................10

    B.    Plaintiffs Lack Standing. ........................................................12

        1.    Plaintiffs Lack Standing to Bring Claims Based on Products They Did Not Purchase and Advertisements on Which They Did Not Rely. ..............................................13

        2.    Plaintiffs Lack Standing to Pursue Injunctive Relief. ..............15

V.    CONCLUSION ............................................................................16

DEFENDANT'S MOTION TO DISMISS COMPLAINT

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Algarin v. Maybelline, LLC*,
  300 F.R.D. 444 (S.D. Cal. 2014) ................................................................. 16

*Antonov v. Gen. Motors LLC*,
  No. 823CV01593FWSMJR, 2024 WL 217825 (C.D. Cal. Jan. 19,
  2024) ............................................................................................................ 10

*Arroyo v. TP-Link USA Corp.*,
  2015 WL 5698752 (N.D. Cal. Sept. 29, 2015) ............................................ 14

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................................... 4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...................................................................................... 4

*Cho v. Hyundai Motor Co., Ltd.*,
  636 F. Supp. 3d 1149 (C.D. Cal. 2022) ........................................................ 11

*City of L.A. v. Lyons*,
  461 U.S. 95 (1983) ....................................................................................... 15

*Cooper v. Pickett*,
  137 F.3d 616 (9th Cir. 1997) ..................................................................... 4, 5

*Davidson v. Kimberly-Clark Corp.*,
  889 F.3d 956 (9th Cir. 2018) ........................................................................ 6

*Dennis v. Ralph Lauren Corp.*,
  No. 16CV1056-WQH-BGS, 2016 WL 7387356 (S.D. Cal. Dec. 20,
  2016) .............................................................................................................. 5

*Dragoslavic v. Ace Hardware Corp.*,
  274 F. Supp. 3d 578 (E.D. Tex. 2017) .......................................................... 5

*Friedman v. Dollar Thrifty Auto. Grp., Inc.*,
  304 F.R.D. 601 (D. Colo. 2015) .................................................................. 14

*Gamez v. Summit Nats. Inc.*,
  No. CV2205894DSFKSX, 2022 WL 17886027 (C.D. Cal. Oct. 24,
  2022) .............................................................................................................. 6

*Garrison v. Whole Foods Mkt. Grp., Inc.*,
  13–CV–05222–VC, 2014 WL 2451290 (N.D. Cal. June 2, 2014) ................. 16

*Green v. Green Mountain Coffee Roasters, Inc.*,
  279 F.R.D. 275 (D.N.J. 2011) ................................................................. 14, 15

*Hemy v. Perdue Farms, Inc.*,
   No. CIV.A. 11-888 FLW, 2011 WL 6002463 (D.N.J. Nov. 30,
   2011) ................................................................................................ 14

*Johns v. Bayer Corp.*,
   No. 09CV1935DMSJMA, 2010 WL 476688 (S.D. Cal. Feb. 9,
   2010) ................................................................................................ 13

*Jones v. Hollywood Unlocked, Inc.*,
   No. 221CV07929MEMFPVCX, 2022 WL 18674459 (C.D. Cal.
   Nov. 22, 2022) ................................................................................. 11

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ................................................... *passim*

*Kwikset Corp. v. Superior Ct.*,
   51 Cal. 4th 310, 246 P.3d 877 (2011) ............................................ 13

*Larsen v. Trader Joe's Co.*,
   No. C 11-05188 SI, 2012 WL 5458396 (N.D. Cal. June 14, 2012) ................... 15

*Lewis v. Casey*,
   518 U.S. 343 (1996) .................................................................. 13, 14

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
   134 S. Ct. 1377 (U.S. 2014) ........................................................... 12

*Meixner v. Wells Fargo Bank, N.A.*,
   101 F. Supp. 3d 938 (E.D. Cal. 2015) ............................................ 10

*Miller v. Ghirardelli Chocolate Co.*,
   912 F. Supp. 2d 861 (N.D. Cal. 2012) ............................................ 13

*Monaco v. Mercedes-Benz USA, LLC*,
   No. 222CV04631MEMFMRWX, 2023 WL 405312 (C.D. Cal. Jan.
   20, 2023) .......................................................................................... 11

*Moncada v. W. Coast Quartz Corp.*,
   221 Cal. App. 4th 768, 164 Cal. Rptr. 3d 601 (Ct. App. 2013) ......... 12

*Moody v. Hot Topic, Inc.*,
   No. EDCV230447JGBSPX, 2023 WL 9511159 (C.D. Cal. Nov. 15,
   2023) .......................................................................................... 6, 7, 9

*Oh v. Fresh Bellies, Inc.*,
   No. CV 24-5417 PSG (JPRX), 2024 WL 4500727 (C.D. Cal. Oct.
   15, 2024) .......................................................................................... 14

*Ollier v. Sweetwater Union High Sch. Dist.*,
   768 F.3d 843 (9th Cir. 2014) ........................................................... 12

*Paredes v. Univ. of Phoenix*,
   No. 514CV02554SVWSPX, 2015 WL 13914985 (C.D. Cal. Mar.
   23, 2015) ............................................................................................ 5

*PerkinElmer Health Scis., Inc. v. Excelbis Labs LLC*,
    No. 820CV00527MCSADSX, 2021 WL 1234881 (C.D. Cal. Feb.
    5, 2021) .................................................................................................... 5

*Poston v. Gen. Motors, LLC*,
    No. 24-CV-0082-BAS-JLB, 2024 WL 3558377 (S.D. Cal. July 22,
    2024) ................................................................................................. 11, 12

*Rael v. Dooney & Bourke, Inc.*,
    No. 16CV0371 JM(DHB), 2016 WL 3952219 (S.D. Cal. July 22,
    2016) .................................................................................................... 5

*Rahman v. Mott's LLP*,
    No. CV 13-3482 SI, 2014 WL 5282106 (N.D. Cal. Oct. 15, 2014)
    *recons. denied*, No. 13-CV-03482-SI, 2014 WL 6815779 (N.D.
    Cal. Dec. 3, 2014) ............................................................................. 15, 16

*Sahakian v. Gen. Motors LLC*,
    No. 5:23-CV-10634-SPG-AGR, 2024 WL 4003919 (C.D. Cal. May
    8, 2024) ............................................................................................... 10

*Smillie v. Travelers Ins. Co.*,
    No. 06CV944-H (CAB), 2006 WL 8455807 (S.D. Cal. Aug. 1,
    2006) .................................................................................................... 12

*Spann v. J.C. Penney Corp.*,
    No. SACV120215FMORNBX, 2014 WL 12634887 (C.D. Cal. Feb.
    21, 2014) .............................................................................................. 5

*Taylor v. Nike, Inc.*,
    No. 3:16-CV-00661-MO, 2017 WL 663056 (D. Or. Feb. 17, 2017) ................... 5

*Vassigh v. Bai Brands LLC*,
    No. 14-CV-05127-HSG, 2015 WL 4238886 (N.D. Cal. July 13,
    2015) .................................................................................................... 7, 9

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) .................................................................. 4

*W. Pac. Elec. Co. Corp. v. Dragados/Flatiron*,
    No. 118CV00166LJOBAM, 2018 WL 2088276 (E.D. Cal. May 4,
    2018) .................................................................................................... 5

**Statutes**

Cal. Bus. & Prof. Code § 17204 ...................................................................... 13

Cal. Bus. & Prof. Code § 17500 ...................................................................... 8

Cal. Bus. & Prof. Code § 17501 ...................................................................... 8

Cal. Civ. Code § 1770(a) ................................................................................ 7

Cal. Civ. Code § 1780(a) ................................................................................ 13

DEFENDANT'S MOTION TO DISMISS COMPLAINT

**Court Rules**

Fed. R. Civ. P. 9(b) ..........................................................................*passim*

Fed. R. Civ. P. 12(b)(6) ....................................................................*passim*

DEFENDANT'S MOTION TO DISMISS COMPLAINT

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Sleep Number Corporation ("Sleep Number") moves under Fed. R. Civ. P. 12(b)(6) to dismiss the First Amended Class Action Complaint, Dkt. 21 ("FAC") of Plaintiffs Gerardo Prieto, an individual, and Athena Lonich, an individual, and on behalf of themselves and all others similarly situated (collectively, "Plaintiffs") for lack of standing and otherwise for failure to sufficiently plead their claims. Plaintiffs continue to rely on conclusory allegations that fall short of the pleading standard required by Fed. R. Civ. P. 9(b).

## I.    INTRODUCTION

Plaintiffs' FAC does nothing to fix the fatal flaws present in its original complaint, which Sleep Number detailed in its prior motion to dismiss. (*Compare* Dkt. 3 (original Complaint) *with* FAC; *see also* Dkt. 17 (prior motion to dismiss).) Rule 9(b)'s heightened pleading requirements exist to dispose of unmeritorious cases such as this one. Plaintiffs continue to bring this putative class action to seek monetary and injunctive relief for a broad class of all consumers who purchased any of Sleep Number's "c4, p6, p6 [sic], i8, i10, and m7 beds" between January 2021 through October 2024, (*id.* ¶¶1, 3, 20–21), but several serious issues remain in Plaintiffs' FAC that mandate dismissal. First, all of Plaintiffs' claims are grounded in allegations of a fraudulent scheme to mislead consumers and therefore must meet the heightened pleading standard required by Fed. R. Civ. P. 9(b), but Plaintiffs' conclusory and barebone allegations continue to miss this mark. Second, Plaintiffs assert common-law fraud claims but have still failed to establish that they are entitled to recoverable damages or restitution. Third, Plaintiffs have to failed to allege they have standing despite attempting to bring claims on behalf of putative class members who purchased different products and relied on different advertisements and therefore seek an injunction that will provide them with no relief.

Indeed, without addressing any of the arguments raised in Sleep Number's prior motion to dismiss, Plaintiffs continue to implausibly assert that Sleep Number

engaged in a deceptive pricing scheme based solely on (1) Plaintiffs' purchase of one i8 Sleep Number® bed and base in Palmdale, California "on or about July 29, 2023," and (2) a *single*, unverified and undated screenshot from the Wayback Machine internet archive showing an i8 bed allegedly on-sale at the time of purchase. Plaintiffs fail to offer any plausible evidence or allegations that any bed (much less all beds in the proposed class) are sufficiently similar products or were persistently on sale for months at a time, much less for four years.

Plaintiffs may not rest on their unsupported allegations about Sleep Number's pricing to assert the existence of some massive fraud on consumers. Had Plaintiffs conducted any sort of reasonable investigation before filing their complaint, or at the very least more fulsomely considered their claims before amendment, they would have discovered numerous examples of the beds at issue being sold at full price and that Sleep Number continues to fully comply with the law. Because Plaintiffs' claims are woefully deficient, the Court should dismiss the FAC in its entirety. To the extent that any of Plaintiffs' claims proceed, this Court should strike the proposed class and limit the remaining class to purchasers of the same bed Plaintiffs purchased.

## II.    FACTUAL BACKGROUND

Plaintiffs allege they visited a Sleep Number store in Palmdale, California "[o]n or about July 29, 2023." (FAC ¶21.) Plaintiffs state that they viewed a sales promotion, i.e., a discount from a "Reference Price" for Sleep Number's i8 beds. (*Id.* ¶¶21–22.) Plaintiffs then purchased a king i8 Sleep Number mattress and base (collectively, the "Bed") for a total of $4,934.57. (*Id.* ¶24.) The i8 mattress was allegedly advertised with a former price of $4,599 and discounted to $3,759.20, and the base was advertised with a former price of $549 with a discount to $439. (*Id.* ¶24–25.)

Plaintiffs allege, without *any* factual support, that the Bed was not actually on sale based on it being perpetually on sale. According to Plaintiffs, the bed they purchased "had not been offered for sale at Defendant's stores or on the Website (or

anywhere else) for a reasonably substantial period of time (if ever) at the full Reference Price." (*Id.* ¶27.) Plaintiffs state that "for at least the 90-day period prior to Plaintiffs' purchase and for over a year thereafter, Defendant had not offered the i8 bed sold at the Reference Price." (*Id.*) Plaintiffs provide no explanation for such conclusory statements about Sleep Number's pricing practices. Indeed, the ***only*** evidence Plaintiffs provided was an undated photograph from an unspecified third-party website (which Sleep Number has not been able to locate or authenticate) that purports to show an i8 bed from Sleep Number's website allegedly on July 29, 2023, a blurred and undated order form purportedly from on or around the ***same day,*** and a screenshot purportedly reflecting Plaintiffs' order. (*Id*. at pp. 6–8.) Put simply, Plaintiffs' allegations show, at best, only that the Bed was advertised at a reduced price on or around the same day Plaintiffs purportedly purchased the Bed at a reduced price. (*See id*.) The allegations do not identify what the specifically advertised price of a king i8 mattress (or any base) was on said date or whether Plaintiffs even purchased the Bed at the advertised price. Tellingly, the one photo the Plaintiffs rely upon for the entire basis of their Complaint (and which Plaintiff alleges they relied on in making their purchase) reflects a sales price that is not even consistent with the discount Plaintiffs allege they received. Nor does the FAC provide any evidence to support allegations that the Bed was not of the advertised quality, any suggestion that Plaintiffs could have obtained the same or a substantially similar mattress from another retailer for a lower price, any evidence that Sleep Number did not sell the Bed at the advertised reference price (or actually any price) in the months preceding Plaintiffs' purchase or at any point in the year following their purchase, or what the price of any bed or base was on any other date. (*See generally id*.) In fact, there are no allegations related to or supporting any monitoring of Sleep Number's advertising practices at all. (*See generally id*.)

    Further, Plaintiffs attempt to bring suit on behalf of all California consumers who purchased a Sleep Number c4, p6, i8, i10, or m7 bed for an almost four-year

period, i.e., between January 2021 and October 2024. (*See generally* FAC) However, Plaintiffs offer no explanation as to *why* the class period runs from January 2021 through October 2024. (*Id.*) Nor do Plaintiffs explain why or how they defined the class as purchasers of the selected mattress models. For instance, Plaintiffs reference Sleep Number's c4, p6, i10 and m7 beds only once and provide *no* examples (much less specific allegations) of allegedly false or misleading advertising thereof or how these beds are sufficiently similar to the purchased i8 bed. (*See id.* ¶1; *see generally id.*) Yet Plaintiffs bring sweeping class-wide California statutory consumer-fraud claims under the FAL, the CLRA, and the UCL. (*Id.* ¶¶51–83.) Plaintiffs also assert common law claims for fraudulent misrepresentations and fraudulent concealment. (*Id.* ¶¶84–103.) Plaintiffs seek broad relief including an injunction, declaratory judgment, monetary and punitive damages, and attorneys' fees and costs.

For the reasons discussed herein, Plaintiffs' FAC is deficient and should be dismissed.

## III.   <u>LEGAL STANDARD</u>

A court should dismiss a complaint when it fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive, Plaintiffs' factual allegations must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. ***Conclusory statements and naked assertions are insufficient.*** *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). ***Courts do not presume a plaintiff's legal conclusions are true.*** *Id.*

Here, Plaintiffs must meet the heightened pleading standards of Rule 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009) (Rule 9(b)'s heightened pleading standards apply to CLRA and UCL claims). As such, Plaintiffs' "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct alleged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)

(quotation omitted)). All of these elements must be pleaded with particularity. *See Paredes v. Univ. of Phoenix*, No. 514CV02554SVWSPX, 2015 WL 13914985, at *2 (C.D. Cal. Mar. 23, 2015) (dismissing complaint that described only "most of the circumstances with particularity"); *PerkinElmer Health Scis., Inc. v. Excelbis Labs LLC*, No. 820CV00527MCSADSX, 2021 WL 1234881, at *3 (C.D. Cal. Feb. 5, 2021) (same); *Dennis v. Ralph Lauren Corp.*, No. 16CV1056-WQH-BGS, 2016 WL 7387356, at *4 (S.D. Cal. Dec. 20, 2016) (granting dismissal of UCL, CLRA, and FAL claims that relied upon "vague and conclusory" allegations); *Rael v. Dooney & Bourke, Inc.*, No. 16CV0371 JM(DHB), 2016 WL 3952219, at *3 (S.D. Cal. July 22, 2016) (granting dismissal for allegedly false outlet pricing that relied on "say-so and conclusory allegations instead of facts"); *Spann v. J.C. Penney Corp.*, No. SACV120215FMORNBX, 2014 WL 12634887, at *4 (C.D. Cal. Feb. 21, 2014) (internal citations omitted) (finding "conclusory allegations that defendant has gone back to its false price comparisons and otherwise violated state law" were insufficient).[1] Rule 9(b) is intended "to protect defendants from factually baseless claims of fraud inasmuch as it is meant to give defendants notice of the claims asserted against them." *W. Pac. Elec. Co. Corp. v. Dragados/Flatiron*, No. 118CV00166LJOBAM, 2018 WL 2088276, at *2 (E.D. Cal. May 4, 2018).

## IV.   ARGUMENT

### A.   Plaintiffs Have Failed to Meet the Heightened Pleading Standard Required for Each of Their Claims.

Because the gravamen of Plaintiffs' FAC is fraud, the heightened pleading requirement of Rule 9(b) applies to Plaintiffs' statutory claims and claim for common-law fraud. \See *Kearns*, 567 F.3d at 1125 (holding that when a plaintiff's

---

[1] Courts outside of California similarly reject conclusory allegations of misleading prices. *See, e.g., Taylor v. Nike, Inc.*, No. 3:16-CV-00661-MO, 2017 WL 663056, at *5, *9 (D. Or. Feb. 17, 2017) ("conclusory allegations" and "generic facts" inadequate to "sufficiently plead" fraudulent pricing scheme under 9(b)); *Dragoslavic v. Ace Hardware Corp.*, 274 F. Supp. 3d 578, 587 (E.D. Tex. 2017) (citations omitted) (granting dismissal and finding Rule 9(b) does not allow survival of conclusory allegations that could be supplemented through the discovery process).

claims under the CLRA and UCL are "grounded in fraud" or "sound in fraud," then "the pleading . . . as a whole must satisfy the particularity requirement of Rule 9(b)."); *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018) (holding Rule 9(b)'s pleading standard applies to CLRA, FAL, and UCL claims based in fraud). A "complaint must meet ***all*** these requirements, not just some of them." *Gamez v. Summit Nats. Inc.*, No. CV2205894DSFKSX, 2022 WL 17886027, at *8 (C.D. Cal. Oct. 24, 2022). To meet the heightened pleading standard for fraud-based violations of the consumer statutes under Fed. R. Civ. P. 9(b), plaintiffs must "'specify what [] advertisements or other sales material specifically stated' and 'specify when [they were] exposed to them or which ones [they] found material.'" *Moody v. Hot Topic, Inc.*, No. EDCV230447JGBSPX, 2023 WL 9511159, at *7 (C.D. Cal. Nov. 15, 2023) (quoting *Kearns*, 567 F.3d at 1125).

Here, even after amendment, Plaintiffs have not—presumably because they cannot—establish the basic "who, what, when, where, and how" of the misconduct they allege. Plaintiffs claim that Sleep Number "rarely, if ever sold any of the Subject Beds at the Reference Price," (FAC ¶18), but fail to support this conclusory statement and have not provided any other evidence of such statements through amendment. In fact, Plaintiffs still only provide pricing evidence of a single date, July 29, 2023, when the i8 was purportedly sold at a reduced price—though a different price than Plaintiffs paid— the same day Plaintiffs allege to have purchased the bed at a reduced price. The FAC fails to plausibly allege, much less provide any evidence, that the i8 was on sale on any other date or that any of the other Subject Beds—the c4, p6, i10 and m7 beds—were ever on sale (much less for how much or how long). (*See id.* ¶1 (only conclusory allegations related to the c4, p6, i10 and m7 beds); *see also id.* ¶¶21–22 (alleging the i8 was advertised and sold at a reduced price on or around July 29, 2023); ¶16 (making blanket statements that undated screenshots from Defendant's website are "representative examples" of "False Reference Prices.").) In addition, Plaintiffs have not provided detail regarding any advertisements they viewed/relied

on. (FAC ¶¶21–23.) That is, Plaintiffs have not provided sufficient detail regarding the specific advertisements viewed and relied upon by themselves—much less other potential class members that were allegedly fraudulent—to entice customers into making purchases they otherwise would not have made. *See Moody*, 2023 WL 9511159, at *7 (dismissing CLRA, FAL, and UCL claims when plaintiffs failed to "specifically state which misleading promotion or sales they viewed while making their purchases. . . ."); *see also Vassigh v. Bai Brands LLC*, No. 14-CV-05127-HSG, 2015 WL 4238886, at *4 (N.D. Cal. July 13, 2015) (dismissing putative class action, alleging CLRA, FAL, and UCL violations, when complaint made only "conclusory allegation[s]" that plaintiffs relied on advertisements). Here, Plaintiffs fail to allege the "what, when, where, or how" that is required of such claims and dismissal is warranted.

### 1.    Plaintiffs' Statutory Claims Fail to Meet the Heightened Pleading Standard.

Throughout the FAC, Plaintiffs reallege and incorporate by reference the same threadbare facts for each statutory claim, based solely on information, belief, and conjecture. In doing this, Plaintiffs fail to plead the specifics necessary to support *any* of the statutory claims, and all three should be dismissed. In fact, each statutory claim is entirely devoid of sufficient factual detail:

**CLRA:** Plaintiffs have not sufficiently pled a claim under the CLRA. Instead, Plaintiffs simply repeat the elements of the statute, alleging that Sleep Number violated Cal. Civ. Code § 1770(a) by "making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions." (FAC ¶¶59.) Plaintiffs further allege that "no true price reductions existed—or at the very least, any amounts of price reductions were exaggerated—in that Defendant's merchandise was rarely, if ever, previously offered for sale and/or sold at the higher Reference Prices for a reasonably substantial period of time" and the Subject Beds were therefore "never sold" except at "falsely discounted prices." (*Id.* ¶81.) Plaintiffs offer nothing but conclusory

and unsupported allegations that any of the Subject Beds were ever on sale—much less which beds, what the advertisements for such beds stated, when the sales occurred, what the sale prices were, or for how long the sales ran.

**FAL:** Plaintiffs similarly fail to support their FAL claim. To sufficiently plead a FAL claim, Plaintiffs must plausibly allege that (1) the advertising statements were untrue or misleading, i.e., the strikethrough price was ***never*** the former price and (2) "the alleged former price was the prevailing market price [] ***within three months next immediately preceding the publication of the advertisement***…" Cal. Bus. & Prof. Code. §§ 17500–17501 (emphasis added). Neither have been plausibly alleged here. The FAC contains only conclusory statements that Sleep Number "routinely disseminated in its stores and on its Website false Reference Prices for the Subject Beds, including to Plaintiffs" and "rarely, if ever, offered the Subject Beds at the Reference Prices within the three months immediately preceding the publication of the Reference Prices." (*See* FAC ¶¶72–76 (providing only conclusory and unsupported allegations that Sleep Number did not routinely use the Reference Prices, which purportedly led to the loss of money by consumers).) As described *supra*, these statements are not supported.

**UCL:** Because Plaintiffs' allegations of "unlawful" conduct depend on the success of the claims under the CLRA and FAL, Plaintiffs' UCL claim must also fail. Plaintiffs assert violations under both the unfair and unlawful prongs of the UCL statute. (FAC ¶¶51–68.) The allegations of "unfair" conduct similarly come from Plaintiffs' allegations about Sleep Number's alleged use of "false Reference Prices" which "gave consumers the false impression that Defendant's products were regularly sold on the market for a substantially higher price in the recent past than they actually were and thus led to the false impression that Defendant's products were worth more than they actually were." (*Id.* ¶61; *see also id.* ¶¶52–68 (quoting statutes and regulations but otherwise providing the same conclusory allegations discussed above).) These claims add nothing to the allegations already discussed herein.

Each of these claims should be dismissed. Nothing throughout Plaintiffs'

statutory claims plausibly alleges any false or deceptive conduct by Sleep Number, and certainly nothing gives rise to viable fraud claims. The entire quantum of proof offered by Plaintiffs consists of an undated screenshot from Sleep Number's website offered as a "representative example," an internet archive image purportedly from July 29, 2023, and an undated order form from Plaintiffs' purchase "on or around July 29" that reflects a different price than the purported advertisement. (*Id.* at pp. 5–7.) These cherry-picked "examples" do not support the ongoing scheme Plaintiffs claim Sleep Number is perpetrating.

Even assuming the FAC plausibly alleges and provides support that the king i8 bed was on sale (at some unspecified price) at or around the time Plaintiffs purchased it, there is no explanation for how a single advertisement and subsequent sale, purportedly honored by Sleep Number, could plausibly mislead or deceive consumers. The FAC fails to provide any new allegations relating to the sale price(s) offered for the i8 bed at ***any other time*** (much less for the three months preceding the July 29, 2023 purchase by Plaintiffs). (*See supra* Section II.) There are also no allegations relating to the pricing of any other Subject Bed at any time. (*Id.*) Without monitoring and/or evidence of consistent back-to-back sales, Plaintiffs cannot plausibly allege that the Reference Prices were not routinely used.

Beyond this deficiency, however, Plaintiffs must also be able to connect the allegedly misleading advertising to their specific purchasing experience. *See Moody*, 2023 WL 9511159, at *7. They have not done so. Plaintiffs' conclusory and unsupported allegations are insufficient to show Sleep Number made any false or misleading statements or otherwise engaged in any unfair, unlawful, or deceptive acts. *See, e.g.*, *Vassigh*, 2015 WL 4238886, at *3. Plaintiffs' statutory claims must be dismissed.

DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

**2.**  **Plaintiffs' Fraud Claims Similarly Fail to Meet the Heightened Pleading Standard.**

Like the statutory claims, Plaintiffs' amended common-law fraud claims for fraudulent misrepresentation and fraudulent concealment are still insufficient as pleaded and must be dismissed. "Both affirmative misrepresentation and fraudulent concealment are 'grounded in fraud' and, therefore, must meet the heightened pleading requirements of 9(b)." *Sahakian v. Gen. Motors LLC*, No. 5:23-CV-10634-SPG-AGR, 2024 WL 4003919, at *2 (C.D. Cal. May 8, 2024); *see also Meixner v. Wells Fargo Bank, N.A.*, 101 F. Supp. 3d 938, 955 (E.D. Cal. 2015) (holding that while state law may provide the elements of fraud that a party must plead, Rule 9(b) still requires fraud to be plead with particularity in Federal Court). Plaintiffs' threadbare and conclusory claims do not meet this bar.

**Fraud (Intentional Misrepresentations):** Plaintiffs have not pleaded a claim for fraudulent misrepresentation, which requires: (1) misrepresentation by way of a false representation, concealment, or non-disclosure; (2) knowledge of falsity (or scienter); (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. *See Antonov v. Gen. Motors LLC*, No. 823CV01593FWSMJR, 2024 WL 217825, at *7 (C.D. Cal. Jan. 19, 2024). Fraudulent misrepresentation claims are subject to Rule 9(b) requirements. *See Kearns,* 567 F.3d at 1126–27 (dismissing claim for fraudulent misrepresentation as insufficiently pleaded under Rule 9(b).) In support of this claim, Plaintiffs make the conclusory allegation that "Defendant's Reference Price representations are false." (FAC ¶86.) According to the FAC, "[a]mong other things, Defendant's representations conveyed false information about the items Plaintiffs and the Class purchased, namely that the items they purchased had sold in the recent past for a reasonably substantial period of time at the higher Reference Price displayed on Defendant's Website and/or in the prevailing market." (*Id.*) With the sole exception of the i8 bed at the time of purchase (noted above), nothing in the allegations supports the conclusion that the Subject Beds were offered at any price,

much less one less than the Reference Price, and thus Plaintiffs have not plausibly shown any intention or knowledge by Sleep Number to defraud its customers.

**Fraudulent Concealment:** To establish their claim for fraudulent concealment, Plaintiffs must plead:

> (1) the defendant must have concealed or suppressed a material fact; (2) the defendant must have been under a duty to disclose the fact to the plaintiff; (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or [suppression] of the fact, the plaintiff must have sustained damage.

*Monaco v. Mercedes-Benz USA, LLC*, No. 222CV04631MEMFMRWX, 2023 WL 405312, at *6 (C.D. Cal. Jan. 20, 2023) (citations omitted). "Fraudulent concealment is more than the simple nondisclosure of material facts." *Poston v. Gen. Motors, LLC*, No. 24-CV-0082-BAS-JLB, 2024 WL 3558377, at *5 (S.D. Cal. July 22, 2024). Indeed, "[t]o plead active concealment, [p]laintiffs must point to specific affirmative acts [d]efendants took in 'hiding, concealing[,] or covering up the matters complained of.'" *Id.* (quoting *Cho v. Hyundai Motor Co., Ltd.*, 636 F. Supp. 3d 1149, 1166 (C.D. Cal. 2022).) The Ninth Circuit has "made clear" that the Rule 9(b) standard applies to fraudulent concealment claims. *See Jones v. Hollywood Unlocked, Inc.*, No. 221CV07929MEMFPVCX, 2022 WL 18674459, at *7 (C.D. Cal. Nov. 22, 2022) (quoting *Kearns*, 567 F.3d at 1126–1127.) Here, Plaintiffs baldly assert that "Defendant uniformly disclosed incomplete facts to Plaintiffs and all members of the Class during the Class Period in connection with the Subject Beds." (FAC ¶95.) According to the FAC, Sleep Number "disclosed a Reference Price for the Subject Beds by displaying on the product description page for each item . . . a Reference Price substantially higher than the offered selling price, which is marked

down or discounted from the Reference Price by a specified percentage discount or dollar amount." (*Id.*) Plaintiffs do not provide any specific factual information about how they know that the "Reference Price" was false, nor could they.

Plaintiffs' common-law fraud claims must both be dismissed for failing to plead the required elements with particularity, much like the statutory claims brought under the UCL, FAL, and CLRA. *See Poston*, 2024 WL 3558377, at *8 (dismissing UCL claims based on "insufficiently pled" fraudulent misrepresentation and concealment). Critically, and despite being on notice of this issue, Plaintiffs' FAC makes no estimation of damages—an essential element of all claims for common-law fraud. *See, e.g.*, *Moncada v. W. Coast Quartz Corp.*, 221 Cal. App. 4th 768, 776, 164 Cal. Rptr. 3d 601, 607 (Ct. App. 2013) ("Every element of a fraud cause of action must be specifically pleaded . . . This pleading requirement of specificity applies not only to the alleged misrepresentation, but also to the elements of causation and damage."); *see also Smillie v. Travelers Ins. Co.*, No. 06CV944-H (CAB), 2006 WL 8455807, at *4 (S.D. Cal. Aug. 1, 2006) (granting motion to dismiss claim for fraud when plaintiff did not "sufficiently describe . . . what damages, if any" he suffered as a result of the alleged fraud).

Plaintiffs have failed to plead a claim for common-law fraud under either the theory for intentional misrepresentation or fraudulent concealment, and these claims must therefore be dismissed.

## B. **Plaintiffs Lack Standing**.

Plaintiffs have failed to show they have standing. To have standing, a plaintiff "must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1386 (U.S. 2014) (quotation omitted)). Importantly, named plaintiffs in a class action are not exempt from this requirement. *See Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 865 (9th Cir. 2014).

In California, at least one named plaintiff must meet the standing requirements for *each claim being sought*. *Id.* Further, because "a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured," and cannot rely on allegations "that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (quotation omitted). In addition to Article III standing, the named plaintiff must establish standing to bring UCL and CLRA claims. *See* Cal. Bus. & Prof. Code § 17204; Cal. Civ. Code § 1780(a). These statutes require plaintiffs show that they have suffered an "economic injury." *See Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 323, 246 P.3d 877, 885 (2011). The economic injury requirement under the UCL is "substantially narrower than federal standing . . . which may be predicated on a broader range of injuries." *Id.* at 324, 886.

### 1.     Plaintiffs Lack Standing to Bring Claims Based on Products They Did Not Purchase and Advertisements on Which They Did Not Rely.

To provide standing for claims for non-purchased products under the CLRA, UCL and FAL, plaintiffs must detail why the products are substantially similar to those actually purchased. *Miller v. Ghirardelli Chocolate Co*., 912 F. Supp. 2d 861, 869 (N.D. Cal. 2012) (holding that California courts apply the "substantially similar" approach when analyzing standing challenges); *Johns v. Bayer Corp.*, No. 09CV1935DMSJMA, 2010 WL 476688, at *5 (S.D. Cal. Feb. 9, 2010) (concluding plaintiff could not "expand the scope of his claims to include a product he did not purchase or advertisements relating to a product that he did not rely upon"). Article III's standing requirement further mandates this approach. Essentially, allowing Plaintiffs to pursue claims based on products they did not purchase or advertisements they did not see would eviscerate the standing requirement by permitting Plaintiffs to rely on injuries "suffered by other, unidentified members of the class," rather than

a personal injury. *Lewis*, 518 U.S. at 357; *see Hemy v. Perdue Farms, Inc.*, No. CIV.A. 11-888 FLW, 2011 WL 6002463, at *11 (D.N.J. Nov. 30, 2011) (quotation omitted) ("[A]s various courts have explained, a plaintiff in a class action must show that she has personally been injured; the class plaintiff cannot rely on injuries suffered by other, unidentified members of the class.").

District courts routinely dismiss claims brought by a putative class representative seeking to represent a class of purchasers of products they did not buy. For example, in *Arroyo v. TP-Link USA Corp.*, a class action complaint listed several products (various computer "PowerLine" adapters) that had not been purchased by the named plaintiff. 2015 WL 5698752, at *4 (N.D. Cal. Sept. 29, 2015). The *Arroyo* court held that these allegations were insufficient to provide standing because plaintiff "never states that he viewed marketing materials for any of the five non-purchased products" and plaintiff failed to "delv[e] into the substantial similarity of each model." *Id.* When analyzing the substantially similar test, the *Arroyo* court noted that plaintiff had "allege[d] the non-purchased products are all substantially similar but only provides a cursory footnote including the other models . . . ." *Id.* Similarly, in *Oh v. Fresh Bellies, Inc.*, the court found that plaintiff had not, and could not, show that a purchase of a different product variation of pre-packaged baby food by a different customer was similar enough to constitute "an invasion of [her own] legally protected interest." No. CV 24-5417 PSG (JPRX), 2024 WL 4500727, at *4 (C.D. Cal. Oct. 15, 2024). The Court found that although the products (various flavors of baby food) were similar in nature, that similarity alone did not explain how the plaintiff suffered an injury traceable to the allegedly wrongful conduct of defendants when it came to products she had not bought and thus held that plaintiff lacked standing to seek injunctive relief and to assert claims on behalf of the class for products she did not purchase. *Id.* at *4–5. [2]

---

[2] *See also Friedman v. Dollar Thrifty Auto. Grp., Inc.*, 304 F.R.D. 601, 613 (D. Colo. 2015) ("Plaintiffs lack standing to assert claims regarding products they did not purchase."); *Green v. Green Mountain Coffee Roasters, Inc.*, 279 F.R.D. 275, 280

Here, Plaintiffs allege they purchased one product, an i8 bed. (FAC ¶23.) Plaintiffs identify only one advertisement, which they do not even claim they saw, which purportedly ran within the relevant 90-day period. (*Id.* ¶¶21–23 (depicting an alleged promotion on Sleep Number's i-series beds in July 2023).) Even these narrow "facts" are not mirrored in the breadth of the class Plaintiffs seek to represent. Plaintiffs' proposed class consists of any California customer who purchased the Subject Beds within the relevant class period, (*id.* ¶42), i.e., any purchaser of a c4, p6, i8, i10, or m7 bed over an approximately four-year period. Yet the FAC offers no additional evidence that would support the claims of the class. Plaintiffs have not plausibly alleged the i8 bed was on sale on any date other than Plaintiffs' purchase date. (*See generally id.*) Plaintiffs have also failed to offer any allegations on how the Subject Beds are "sufficiently similar" to the purchased i8 bed or even that any of these other Subject Beds were ever on sale during the proposed class period. Because Plaintiffs bring claims based on products they did not buy and/or on advertising they did not see, Plaintiffs have not demonstrated standing, and their class-based claims must be dismissed.

### 2. <u>Plaintiffs Lack Standing to Pursue Injunctive Relief.</u>

Plaintiffs seek injunctive relief as a remedy for all of their statutory claims. (FAC ¶¶104.) But because Plaintiffs have already discovered the purportedly fraudulent conduct, they lack standing to pursue claims for injunctive relief.

An injunction "is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again. . . ." *City of L.A. v. Lyons*, 461 U.S. 95, 111 (1983). Claims of potential future harm generally do not warrant injunctive relief. *See, e.g.*, *Rahman v. Mott's LLP*, No. CV 13-3482 SI, 2014 WL 5282106, at

(D.N.J. 2011) (same); *Larsen v. Trader Joe's Co.*, No. C 11-05188 SI, 2012 WL 5458396, at *5 (N.D. Cal. June 14, 2012) (dismissing plaintiff's claims on behalf of products she did not purchase and noting that "[a]t this stage plaintiffs must state a claim that can survive a Rule 12(b)(6) motion, irrespective of the future class").

*4–6 (N.D. Cal. Oct. 15, 2014) *recons. denied,* No. 13-CV-03482-SI, 2014 WL 6815779 (N.D. Cal. Dec. 3, 2014) (dismissing plaintiff's claim for injunctive relief to stop Mott's from including the statement "No Sugar Added" on bottles of apple juice because plaintiff could not "plausibly prove that he will, in the future" rely on the statement); *Garrison v. Whole Foods Mkt. Grp., Inc.*, 13–CV–05222–VC, 2014 WL 2451290, at *5 (N.D. Cal. June 2, 2014) ("The named plaintiffs in this case allege that had they known the Whole Foods products they purchased contained SAPP, they would not have purchased them. Now they know. There is therefore no danger that they will be misled in the future."); *Algarin v. Maybelline, LLC*, 300 F.R.D. 444, 458 (S.D. Cal. 2014) ("These consumers will not benefit from the injunctive relief as they cannot demonstrate probability of future injury; if they know the 'truth' they cannot be further deceived."). Noticeably missing from Plaintiffs' FAC is any description of how they will be harmed absent some equitable remedy. In fact, the only plausible relief an injunction could garner for Plaintiffs is from future harm, which does not warrant relief. Nothing in Plaintiffs' FAC suggests they will buy another bed at the allegedly fraudulent price in the future.

## V.    **CONCLUSION**

For all of the foregoing reasons, Defendant Sleep Number Corporation respectfully requests that the Court dismiss Plaintiffs' claims in their entirety.

Dated: March 4, 2025                    Respectfully submitted,

                                        FOX ROTHSCHILD LLP

                                        By:    */s/ Andrew S. Hansen*
                                               Andrew S. Hansen

                                        Attorneys for Defendant
                                        *Sleep Number Corporation*

DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Sleep Number Corporation certifies that this brief contains 5,437 words, which complies with the word limit of L.R. 11-6.1.

Dated: March 4, 2025                FOX ROTHSCHILD LLP

                                    By:    */s/ Andrew S. Hansen*
                                           Andrew S. Hansen

                                    Attorneys for Defendant
                                    *Sleep Number Corporation*

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on March 4, 2025, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of the filing to the email addresses indicated on the Court's Electronic Mail Notice List.

Dated: March 4, 2025                FOX ROTHSCHILD LLP

                                    By:    */s/ Andrew S. Hansen*
                                           Andrew S. Hansen

                                    Attorneys for Defendant
                                    *Sleep Number Corporation*

DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT