JEFF H. GRANT (SBN 218974)
    jgrant@foxrothschild.com
MATTHEW R. FOLLETT (SBN 325481)
    mfollett@foxrothschild.com
FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, CA 90067
Telephone: (310) 598-4150
Facsimile: (310) 556-9828

ANDREW S. HANSEN (*Pro Hac Vice*)
    ahansen@foxrothschild.com
LUKAS D. TOFT (*Pro Hac Vice*)
    ltoft@foxrothschild.com
KATHERINE GENESER (*Pro Hac Vice*)
    kgenesers@foxrothschild.com
FOX ROTHSCHILD LLP
33 South 6th Street, Suite 3600
Minneapolis, MN 55402
Telephone: (612) 607-7000
Facsimile: (612) 607-7100

Attorneys for Defendant
*Sleep Number Corporation*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO PRIETO, an individual, and ATHENA LONICH, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SLEEP NUMBER CORPORATION,<br><br>Defendant. | Case No. 2:25-cv-00352 RGK (MAAx)<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO TRANSER VENUE OR, IN THE ALTERNATIVE, TO STAY CASE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:          April 7, 2025<br>Time:          9:00 a.m.<br>Courtroom:  850<br>Judge:        R. Gary Klausner |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on April 7, 2025 at 9 a.m., or as soon thereafter as this matter may be heard before the Honorable R. Gary Klausner, in Courtroom 850, of the United States Courthouse, located at Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, CA 90012, Defendant Sleep Number Corporation ("Sleep Number") will and hereby does move for an order transferring this action to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1404 or, in the alternative, to stay this case in its entirety.

Sleep Number's motion to transfer venue or stay this case is based on this notice of motion and motion, the supporting memorandum of points and authorities, proposed order all pleadings and papers on file in this case, the arguments of counsel, and on such other matters as the Court may consider.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place via telephone on February 25, 2025. During the conferences, counsel for Sleep Number explained its position and the parties were unable to reach a resolution.

Dated: March 4, 2025                    FOX ROTHSCHILD LLP

                                        By:    _/s/ Andrew S. Hansen_
                                               Andrew S. Hansen

                                        Attorneys for Defendant
                                        *Sleep Number Corporation*

DEFENDANT'S MOTION TO TRANSFER VENUE

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION .................................................................................... 1

II.  FACTUAL BACKGROUND ................................................................... 2

    A.   The Evans Case. .......................................................................... 2

    B.   The Prieto/Lonich Case. .............................................................. 3

    C.   Notice of Related Cases. .............................................................. 3

III. LEGAL STANDARD .............................................................................. 4

IV.  ARGUMENT ........................................................................................... 5

    A.   The First-to-File Rule Supports Transfer to The Eastern District. ....... 6

        1.   Chronology of Lawsuits. ..................................................... 7

        2.   Similarity of the Parties. ..................................................... 7

        3.   Similarity of the Issues. ...................................................... 9

    B.   A Holistic Consideration of the Factual Circumstances Support a Transfer. ................................................................................... 10

    C.   The Court Should Stay This Case Pending Resolution on This Motion. ....................................................................................... 13

V.   CONCLUSION ..................................................................................... 16

DEFENDANT'S MOTION TO TRANSFER VENUE

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*A. J. Indus., Inc. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*,
503 F.2d 384 (9th Cir. 1974) ................................................................... 11

*Albertson v. Monumental Life Ins. Co.*,
No. C-08-05441 RMW, 2009 WL 3870301 (N.D. Cal. Nov. 16,
2009) .................................................................................................... 4, 10

*Alltrade, Inc. v. Uniweld Prods.*,
946 F.2d 622 (9th Cir. 1991) ................................................................. 4, 7

*Animal Legal Def. Fund v. U.S. Food & Drug Admin*,
836 F.3d 987 (9th Cir. 2016) ..................................................................... 6

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*,
571 U.S. 49 (2013) ...................................................................................... 4

*Bonilla v. United Brands Co.*,
No. CV 11-386 PA, 2011 WL 13220120 (C.D. Cal. Mar. 21, 2011) ................. 5

*Booker v. Am. Honda Motor Co.*,
2020 WL 7263538 (C.D. Cal. Oct. 20, 2020) ....................................... 8, 9

*ChromaCode, Inc. v. Bio-Rad Lab'ys, Inc.*,
No. 2:23-CV-08417-RGK-PD, 2023 WL 9319041 (C.D. Cal. Dec.
7, 2023) .......................................................................................... 4, 6, 7

*Church of Scientology v. U.S. Dep't of the Army*,
611 F.2d 738 (9th Cir. 1979) ..................................................................... 6

*Cont'l Grain Co. v. The FBL-585*,
364 U.S. 19 (1960) ................................................................................ 5, 11

*Cooley v. Indian River Transp. Co.*,
No. SACV170932DOCJCGX, 2018 WL 6039841 (C.D. Cal. Apr.
10, 2018) ................................................................................................... 13

*Fuller v. Amerigas Propane, Inc.*,
Nos. C 09-2493 TEH, 09-2616 TEH, 2009 WL 2390358 (N.D. Cal.
Aug. 3, 2009) ........................................................................................... 14

*Guthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc.*,
179 F.R.D. 264 (C.D. Cal. 1998) ........................................................... 6, 7

*Hatteras Enters. Inc. v. Forsythe Cosm. Grp. Ltd*,
No. CV1504333RGKSSX, 2015 WL 13760314 (C.D. Cal. Aug. 5,
2015) ........................................................................................................ 10

*Healy v. Wells Fargo Bank, N.A.*,
    No. 20-CV-01838-H-AHG, 2022 WL 104733 (S.D. Cal. Jan. 11,
    2022) ............................................................................................................... 11

*Hilton v. Apple Inc.*,
    No. C-13-2167, 2013 WL 5487317 (N.D. Cal. Oct. 1, 2013) ............................ 5

*Johnson v. Monterey Fish Co., Inc.*,
    No. 18-CV-01985-BLF, 2018 WL 2387849 (N.D. Cal. May 25,
    2018) ............................................................................................................... 15

*Johnson v. Sebanc*,
    No. 18-CV-00585-DMR, 2018 WL 3159699 (N.D. Cal. June 28,
    2018) ........................................................................................................ 14, 15

*Jones v. GNC Franchising*,
    211 F.3d 495 (9th Cir. 2000) ............................................................ 4, 10, 12

*Kohn v. Auto Parts Mfg. Miss.*,
    787 F.3d 1237 (9th Cir. 2015) ....................................................................... 7, 9

*Lou v. Belzberg*,
    834 F.2d 730 (9th Cir. 1987) ........................................................................... 11

*Medtronic Corevalve v. Edwards Lifesciences*,
    2012 WL 12888673 (C.D. Cal. Jan. 9, 2012) ................................................... 7

*Montijo v. Amazon.com Servs. LLC*,
    No. 122CV00084ADASAB, 2022 WL 16702134 (E.D. Cal. Nov.
    3, 2022) ............................................................................................................. 5

*Moreno v. Johnson & Johnson Consumer Inc.*,
    No. 2:21-CV-02666-AB-PVC, 2021 WL 12302429 (C.D. Cal. Oct.
    5, 2021) ............................................................................................................. 5

*Nakash v. Marciano*,
    882 F.2d 1411 (9th Cir. 1989) ........................................................................... 9

*Nextgen Leads LLC v. Gen3ventures, LLC*,
    2021 WL 4942673 (S.D. Cal. Oct. 22, 2021) ............................................ 4, 7, 9

*Puentes v. Amazon.com Servs., LLC*,
    No. 221CV00414FLASKX, 2021 WL 5984867 (C.D. Cal. Sept. 30,
    2021) ................................................................................................................. 6

*Reese v. Malone*,
    No. CV 07-7511-RGK (RCX), 2008 WL 11342462 (C.D. Cal. June
    19, 2008) ......................................................................................................... 10

*Retina Assocs. Med. Grp., Inc. v. Olson Rsch. Grp., Inc.*,
    No. SACV181997DOCKES, 2019 WL 3240110 (C.D. Cal. Mar.
    20, 2019) ........................................................................................................ 8, 9

*Rivers v. Walt Disney Co.*,
    980 F. Supp. 1358 (C.D. Cal. 1997) ...................................................... 13, 14, 15

iii

*Rodriguez v. JetBlue Airways Corp.*,
  2024 WL 841482 (C.D. Cal. Feb. 28, 2024) .................................................... 7, 9

*Ross v. U.S. Bank Nat. Ass'n*,
  542 F. Supp. 2d 1014 (N.D. Cal. 2008) .......................................................... 7

*SB Hosp. Palm Springs, LLC v. Baymont Franchise Sys., Inc.*,
  No. 5:19-cv-00381-JGB (KKx), 2019 WL 4422675 (C.D. Cal. May
  8, 2019) .................................................................................................... 6

*Silk v. Bond*,
  No. 221CV03977ODWJPRX, 2024 WL 869469 (C.D. Cal. Feb. 29,
  2024) ...................................................................................................... 13

*Stuart v. DaimlerChrysler Corp.*,
  No. 1:08-CV-0632 OWW GSA, 2008 WL 11388470 (E.D. Cal.
  Dec. 23, 2008) .................................................................................... 15, 16

*Tittl v. Hilton Worldwide, Inc.*,
  No. 1:12-CV-02040-LJO, 2013 WL 1087730 (E.D. Cal. Mar. 14,
  2013) .................................................................................................. 11, 13

*Tricom Rsch., Inc. v. Tactical Support Equip., Inc.*,
  No. CV082130RGKPLAX, 2008 WL 11338513 (C.D. Cal. June
  27, 2008) .................................................................................................. 6

*Wallerstein v. Dole Fresh Vegetables, Inc.*,
  967 F. Supp. 2d 1289 (N.D. Cal. 2013) .......................................................... 8

*Winplus N. Am., Inc. v. Scan Top Enter. Co., Ltd.*,
  No. CV 14-2012-RGK(MRWx), 2015 WL 13919469 (C.D. Cal.
  Dec. 7, 2015) ............................................................................................ 7

*Wireless Consumers All., Inc. v. T-Mobile USA, Inc.*,
  No. C 03-3711 MHP, 2003 WL 22387598 (N.D. Cal. Oct. 14,
  2003) ...................................................................................................... 11

**Statutes**

28 U.S.C. § 1404 .............................................................................. 1, 5, 6, 10

28 U.S.C. § 1404(a) ......................................................................... 4, 5, 11

Cal. Civ. Code §§ 1750, *et seq.* .................................................................. 2

Cal. Bus. & Prof. Code §§ 17200, *et seq.* .................................................. 2

Cal. Bus. & Prof. Code §§ 17500, *et seq.* .................................................. 2

**Other Authorities**

1A Cal. Jur. 3d Actions § 284 .................................................................... 7

iv

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Sleep Number Corporation ("Sleep Number") moves to transfer this action to the United States District Court for the Eastern District of California ("Eastern District") or, in the alternative, to stay this case in its entirety.

## I.    INTRODUCTION

Defendant Sleep Number respectfully requests that this Court transfer this case, brought by Plaintiffs Gerardo Prieto and Athena Lonich (collectively, "Prieto/Lonich"), to the Eastern District so that it may be consolidated with a nearly identical, though slightly broader, putative class action filed almost four months prior by Plaintiff June Evans: *Evans v. Sleep Number*, No. 1:24-CV-01136-KES-SAB (E.D. Cal.). Both cases allege that Sleep Number deceptively advertised its products as being perpetually on sale in recent years, assert the same statutory and common law claims, and seek to represent a substantially similar and overlapping statewide class of California purchasers of Sleep Number beds.

Because of the substantial similarities and overlap of these cases, this action should be transferred to the Eastern District pursuant to the first-to-file rule, as well as under the remaining factors embodied by 28 U.S.C. § 1404 and considered by the federal California District Courts. Proceeding with two overlapping class actions simultaneously will result in a significant waste of the Court's resources, risk inconsistent results (and/or an administrative headache to ensure the overlapping class members do not double dip if both class actions are successful), and cause substantial prejudice to Sleep Number by requiring it to defend against virtually verbatim claims for a nearly identical statewide class in two different forums. Transferring this case to the Eastern District would be more efficient and less burdensome for all parties, for any witnesses, and for the federal judiciary while also preventing the risk of inconsistent rulings. Accordingly, this Court should transfer this case to the Eastern District, where it may be consolidated with the first-filed Evans Case.

## II.    FACTUAL BACKGROUND

### A.    The Evans Case.

Plaintiff June Evans filed a class action complaint against Sleep Number in the Eastern District on September 24, 2024. (*Evans v. Sleep Number*, No. 1:24-CV-01136-KES-SAB (E.D. Cal.), Dkt. 1.) After Sleep Number moved to dismiss the first class action complaint on November 15, 2024 (*id.* at Dkt. 14.), Evans filed a first amended complaint on November 27, 2024. (*Id.* at Dkt. 15.) Sleep Number moved to dismiss the first amended complaint on January 15, 2025. (*Id.* at Dkt. 19.) In light of the pending motion to dismiss, the case was stayed prior to service of any discovery, and the initial scheduling conference has been suspended until July 10, 2025. (*Id.* at Dkt. 25.)

The Evans Case involves claims under California's Consumers Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et seq.*; California's False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq.*; California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.*; and common law fraud. (*Id.* at Dkt. 15 ¶¶ 54–104.) Underlying each of these claims is the allegation that Sleep Number "intentionally misleads consumers as to the quality and value of its mattresses available in its brick-and-mortar and online stores (the 'Products' or the 'Mattresses') through its deceptive sales tactics." (*Id.* ¶ 3.) Indeed, Evans alleges that in the months immediately preceding her February 25, 2023 purchase of a Sleep Number c2 mattress, Sleep Number advertised its products as being "perpetually" on sale. (*Id.* ¶¶ 6, 12.) Evans claims that from "September 7, 2021 and likely earlier, until about September 2024, Defendant's online store reflected Defendant's sustained deceptive pricing practices for its Products." (*Id.* ¶ 6.)

Evans seeks multiple forms of relief, including injunctive remedies and monetary damages. Evans proposes a putative class and seeks to represent "all consumers who purchased [Sleep Number products] during the applicable statute of limitations period" in California. (*Id.* ¶ 46.) Evans seeks to represent California

purchasers who bought a Sleep Number bed during the relevant statutory period. While undefined by the amended complaint, the relevant statutory period is likely 2021–2024. (*Id.* ¶ 3.)

### B.    The Prieto/Lonich Case.

Prieto/Lonich brought the instant action against Sleep Number in this District on January 14, 2025. (Dkt. 3.) After Sleep Number moved to dismiss the initial complaint on February 11, 2025, (Dkt. 13), Prieto/Lonich responded with an amended complaint on February 18, 2025. (Dkt. 21.) Sleep Number has renewed its motion to dismiss the amended complaint for reasons nearly identical to those expressed in its first motion to dismiss. (Dkt. 34.) An initial scheduling conference is set for March 24, 2024.

Prieto/Lonich assert claims under the CLRA, FAL, and UCL and similarly assert common law fraud claims. (*See* Dkt. 21 ¶¶ 51–103). Preito/Lonich seek equitable and monetary relief, including an injunction, restitution, disgorgement, and compensatory damages. (*Id.* ¶ 104.) The underlying allegations for each of these claims include allegations that Sleep Number "falsely inflated" its former reference prices to "mislead customers into believing that the displayed Reference Price was an original, regular, or retail price at which Defendant usually sold the item or previously sold the item in the recent past." (*Id.* ¶ 15.)

Prieto/Lonich propose a putative class and seek to represent: "[a]ll persons in the State of California who purchased one or more Subject Beds [Sleep Number's c4, p6, i8, i10, and m7 beds] during the Relevant Time at a stated discount from a higher reference price and who have not received a refund or credit for their purchase(s)." (*Id.* ¶¶ 1, 42.) The Relevant Time is defined as January 2021 to October 2024. (*Id.* ¶ 3.)

### C.    Notice of Related Cases.

Both Sleep Number and Evans have filed Notices in this case noting the similarities between these two pending actions. (*See* Dkt. 26 (Sleep Number

providing notice of a related case and noting the "significant overlap" between the cases and claims, the "nearly identical factual allegations" underlying each claim, and the "overlapping classes of California consumers"); Dkt. 29 (Evans providing notice of related cases, requesting transfer, stay, or dismissal of this case, and stating that both the Evans case and this case call for a determination of the "same or substantially related questions of law and fact," which include the allegations of the same conduct, assertion of the same claims, and a similar proposed class of California consumers).)

## III.   <u>LEGAL STANDARD</u>

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Typically, in evaluating a motion to transfer under § 1404(a), a district court '"must evaluate both the convenience of the parties and various public-interest considerations' to determine whether 'a transfer would serve the convenience of the partis and witnesses' and otherwise promote 'the interest of justice.'" *ChromaCode, Inc. v. Bio-Rad Lab'ys, Inc.*, No. 2:23-CV-08417-RGK-PD, 2023 WL 9319041, at *2 (C.D. Cal. Dec. 7, 2023) (Klausner, J.) (quoting *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.,* 571 U.S. 49, 62–63 (2013)). In determining whether a transfer is appropriate, district courts consider a wide range of factors including the convenience to parties, witnesses, and judiciary, the ease of access to evidence, and feasibility of consolidation with related cases. *Albertson v. Monumental Life Ins. Co.,* No. C-08-05441 RMW, 2009 WL 3870301, at *1 (N.D. Cal. Nov. 16, 2009) (quoting *Jones v. GNC Franchising*, 211 F.3d 495, 498–99 (9th Cir. 2000)). When there is more than one case with overlapping issues, the first-filed doctrine allows courts to "transfer, stay, or dismiss an action where a similar complaint has already been filed in another federal court." *Nextgen Leads LLC v. Gen3ventures, LLC*, 2021 WL 4942673, at *2 (S.D. Cal. Oct. 22, 2021) (quoting *Alltrade, Inc. v. Uniweld Prods.*, 946 F.2d 622, 623 (9th Cir. 1991) (further

noting the rule was developed to promote efficiency and "should not be disregarded lightly").

Consolidation to avoid duplicative actions is a primary purpose behind 28 U.S.C. § 1404. *See, e.g., Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that § 1404 was designed to prevent.").

## IV.  **ARGUMENT**

Overlapping class action lawsuits are particularly appropriate for transfer and consolidation. *See, e.g., Moreno v. Johnson & Johnson Consumer Inc.*, No. 2:21-CV-02666-AB-PVC, 2021 WL 12302429, at *4 (C.D. Cal. Oct. 5, 2021) ("[I]t makes sense for any overlapping class actions to be heard in the same district court, for either consolidation or coordination"); *Montijo v. Amazon.com Servs. LLC*, No. 122CV00084ADASAB, 2022 WL 16702134, at *2 (E.D. Cal. Nov. 3, 2022), *report and recommendation adopted*, No. 122CV00084ADASAB, 2022 WL 17722873 (E.D. Cal. Dec. 15, 2022 (quoting *Hilton v. Apple Inc.,* No. C-13-2167, 2013 WL 5487317, at *7 (N.D. Cal. Oct. 1, 2013)) ("Class actions are 'frequently complex affairs which tax judicial resources—the very cases in which the principles of avoiding duplicative proceedings and inconsistent holdings are at their zenith.'").

As described herein, there is significant overlap between the facts, claims, and parties in the Evans and Prieto/Lonich Cases. Importantly, this case could have been brought in the Eastern District, as both actions seek to represent all California residents that purchased certain Sleep Number products. As such, both cases could have been filed in any federal district court in California. *See, e.g., Bonilla v. United Brands Co.*, No. CV 11-386 PA (DTBX), 2011 WL 13220120, at *2 (C.D. Cal. Mar. 21, 2011) ("Transfer under 28 U.S.C. § 1404(a) is only available to districts in which the case 'might have been brought' initially. Thus, the 'transferee court' must have subject matter jurisdiction, venue must be proper, and the defendant must be subject

to personal jurisdiction.") The Eastern District further has jurisdiction under the Class Action Fairness Act ("CAFA"). (*See* Evans Case, Dkt. 15 at ¶ 16, Prieto/Lonich Case, Dkt. 21 ¶ 10 (pleading jurisdiction under CAFA).) Transfer is additionally supported by examining the first-to-file rule and the remaining considerations under § 1404.

Finally, transfer would be both convenient and fair. Because similar complaints have been filed in different courts, the first-filed doctrine supports transfer of this case to Eastern District where a similar case had been previously filed. In addition, not only does an analysis of the factors designed to assess convenience and fairness further support transfer but, because the Evans Case and this case both involve similar class actions, transfer (to allow for consolidation) is particularly appropriate.

### A.    The First-to-File Rule Supports Transfer to The Eastern District.

The first-to-file rule allows a district court to transfer away its case if another case with "substantially similar issues and parties was previously filed in another district court." *ChromaCode, Inc.*, 2023 WL 9319041, at *2. "The first-to-file doctrine is 'designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments.'" *Puentes v. Amazon.com Servs., LLC*, No. 221CV00414FLASKX, 2021 WL 5984867, at *2 (C.D. Cal. Sept. 30, 2021) (quoting *SB Hosp. Palm Springs, LLC v. Baymont Franchise Sys., Inc.*, No. 5:19-cv-00381-JGB (KKx), 2019 WL 4422675, at *3 (C.D. Cal. May 8, 2019).) The Ninth Circuit has reiterated that the purpose of the first-to-file rule is "to promote efficiency" and has cautioned that the rule "should not be disregarded lightly." *Church of Scientology v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979) (overruled in part on other grounds by *Animal Legal Def. Fund v. U.S. Food & Drug Admin*, 836 F.3d 987 (9th Cir. 2016).) "[U]nless 'compelling circumstances justify departure from the rule,' the first-filed action should be permitted to proceed." *Tricom Rsch., Inc. v. Tactical Support Equip., Inc.*, No. CV082130RGKPLAX, 2008 WL 11338513 (C.D. Cal. June 27, 2008) (Klausner, J.) (quoting *Guthy-Renker*

*Fitness, LLC v. Icon Health & Fitness, Inc.,* 179 F.R.D. 264, 269 (C.D. Cal. 1998)). Transferring this action to consolidate with the Evans Case in the Eastern District would promote efficiency and prevent inconsistent rulings in nearly identical cases.

In analyzing transfers under the first-to-file rule, a court "analyzes three factors: (1) chronology of the lawsuits; (2) similarity of the parties; and (3) similarity of the issues." *ChromaCode, Inc.*, 2023 WL 9319041, at *2. If these factors are satisfied, the Court may transfer, stay, or dismiss the action in favor of the first-filed action. *See Alltrade, Inc.*, 946 F.2d at 625. All three factors are satisfied here.

### 1.    Chronology of Lawsuits.

The first factor "simply requires that the case in question was filed later in time." *NextGen*, 2021 WL 4942673, at *3 (citation omitted). Here, there is no question that this case (filed January 14, 2025) was filed almost four months after the Evans case (filed September 24, 2024). (*See supra* Section II.A-B.) Therefore, this factor weighs in favor of transfer.

### 2.    Similarity of the Parties.

The second factor, "does not require identical parties" just substantial similarity of parties. *Winplus N. Am., Inc. v. Scan Top Enter. Co., Ltd.*, No. CV 14-2012-RGK(MRWX), 2015 WL 13919469, at *3 (C.D. Cal. Dec. 7, 2015) (Klausner, J.); *see also NextGen*, 2021 WL 4942673, at *3; *Kohn v. Auto Parts Mfg. Miss.*, 787 F.3d 1237, 1240 (9th Cir. 2015); *Medtronic Corevalve v. Edwards Lifesciences*, 2012 WL 12888673 at *4 (C.D. Cal. Jan. 9, 2012) ("The rule is satisfied if some [of] the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters."). "[W]hen the cases involved are class actions, 'the classes, and not the class representatives, are compared.'" *Rodriguez v. JetBlue Airways Corp.*, 2024 WL 841482, at *3 (C.D. Cal. Feb. 28, 2024) (quoting *Ross v. U.S. Bank Nat. Ass'n*, 542 F. Supp. 2d 1014, 1020 (N.D. Cal. 2008)); *see also* 1A Cal. Jur. 3d Actions § 284. Importantly, in conducting the analysis courts look to the proposed classes "even when certification has not yet taken

place." *Booker v. Am. Honda Motor Co*., 2020 WL 7263538, at *3 (C.D. Cal. Oct. 20, 2020) (holding a "contrary finding would essentially prohibit application of the first-to-file rule until after the class certification stage, at which point the parties would have already expended substantial resources," which would be inconsistent with the policy goal of "maximiz[ing] judicial economy, consistency, and comity").

Sleep Number is the sole named Defendant in both the Evans and Prieto/Lonich Cases, and the proposed classes in both cases are virtually identical. Evans, a California resident, purchased a Sleep Number bed in February 2023 and seeks to represent all California consumers who purchased any Sleep Number mattress, which would include the c4, p6, i8, i10, and m7 from approximately September 7, 2021 to May 2024. (*See supra* Section I.A.) Prieto, also a California resident, purchased a Sleep Number bed in July 2023 and seeks to represent all California consumers who purchased a c4, p6, i8, i10, and m7 mattress (a subset of Sleep Number's mattresses) from approximately January 2021 to October 2024. (Dkt. 21 at ¶¶ 1–3, 21.) Because Prieto bought a Sleep Number bed during Evan's proposed class period, Prieto is a member of the Evan's proposed class. This alone is "sufficient to find substantial similarity between the parties in each lawsuit." *See Booker*, 2020 WL 7263538, at *2 (citing *Wallerstein v. Dole Fresh Vegetables, Inc*., 967 F. Supp. 2d 1289, 1296 (N.D. Cal. 2013).) In addition, from at least January 2021 to May 2024, the Evans's proposed class includes everyone in Prieto's proposed class. The fact that Prieto seeks to represent subclasses unrepresented in Evans— those who purchased a particular mattress from May to October 2024—does not warrant a different outcome. *See id*. at *3 (finding substantial similarity between the parties even where one case sought to represent a subclass not represented in another case because there was substantial overlap in the proposed classes); *see also Retina Assocs. Med. Grp., Inc. v. Olson Rsch. Grp., Inc*., No. SACV181997DOCKES, 2019 WL 3240110, at *3 (C.D. Cal. Mar. 20, 2019) (rejecting argument the parties were not substantially similar where proposed class periods were not identical).

DEFENDANT'S MOTION TO TRANSFER VENUE

1    Accordingly, this factor weighs in favor of transfer.

2    **3.    <u>Similarity of the Issues.</u>**

3    The third factor likewise "does not require identical issues or exact

4    parallelism" but rather just "substantial similarity of the issues." *Nextgen*, 2021 WL

5    4942673 (citing *Kohn*, 787 F.3d at 1240; *Nakash v. Marciano*, 882 F.2d 1411, 1416

6    (9th Cir. 1989)). "To determine whether two suits involve substantially similar

7    issues, a court must look at whether there is substantial overlap between the two

8    suits." *Rodriguez*, 2024 WL 841482, at *4 (quotations omitted). "Substantial

9    overlap" exists when "key issues overlap and the resolution of one case could affect

10    the resolution of the other." *Id*.

11    The central issue in both the Evans and Prieto/Lonich Cases is whether Sleep

12    Number engaged in a false and deceptive pricing scheme by representing to

13    consumers that certain beds were perpetually marked down from a falsely inflated

14    higher reference price. (*See supra* Section II.A-B.) Moreover, both cases allege that

15    this purported conduct violates the same statutory schemes and common law causes

16    of action. (*See id*. (both complaints allege violations of the CLRA, FAL, and UCL

17    statutes and assert a common law claim of fraud (while Prieto also alleges fraudulent

18    concealment).) Because the primary inquiry and legal questions are the same, there

19    is substantial overlap between the two suits. *See Retina Assocs*., 2019 WL 3240110

20    at *3 (finding substantial overlap between two suits where both cases required a

21    finding of whether the same conduct violated he same statutory framework); *Booker*,

22    2020 WL 7263538, at *4 (finding substantially similar issues where both complains

23    assert similar causes of action and the "central issues in each case will be similar");

24    *Rodriguez*, 2024 WL 841482 at *4 (finding eight of the eleven claims asserted were

25    similar to or identical to those asserted in prior filed action and thus an

26    "overwhelming majority of issues" were "substantially similar" and overlapped with

27    prior filed case warranting application of first-to-file rule). Therefore, this factor also

28    weighs in favor of transfer.

DEFENDANT'S MOTION TO TRANSFER VENUE

Because all three factors are met, (*see also supra* Section II.C (notices filed reflect same)), transfer, dismissal, or a stay is warranted.

**B.    A Holistic Consideration of the Factual Circumstances Support a Transfer.**

Even setting aside the first-to-file rule, the balance of factors would weigh in favor of transferring the Prieto/Lonich Case. Specifically, transferring the Prieto/Lonich Case for purposes of consolidation with the Evans Case would promote judicial efficiency and reduce the burden on parties and witnesses by preventing parallel litigation of nearly-identical class complaints. District courts in the Ninth Circuit apply the *Jones* factors put forth in *Jones v. GNC Franchising* in determining whether to transfer a case under 28 U.S.C. § 1404. 211 F.3d 495, 498–99 (9th Cir. 2000). *See, e.g.*, *Hatteras Enters. Inc. v. Forsythe Cosm. Grp. Ltd*, No. CV1504333RGKSSX, 2015 WL 13760314, at *3 (C.D. Cal. Aug. 5, 2015) (Klausner, J.) (applying *Jones* factors to grant motion to transfer venue); *Reese v. Malone*, No. CV 07-7511-RGK (RCX), 2008 WL 11342462, at *2 (C.D. Cal. June 19, 2008) (Klausner, J.) (same). Under this analysis, district courts consider a wide range of factors including: (1) the plaintiff's choice of forum; (2) convenience to the parties; (3) convenience to the witnesses; (4) ease of access to evidence; (5) each forum's familiarity with the applicable law; (6) the feasibility of consolidation with related cases; (7) any local interest in the controversy; and (8) relative court congestion of each forum. *Albertson*, 2009 WL 3870301, at *1 (quoting *Jones*, 211 F.3d at 498–99.) Here, the *Jones* factors weigh in favor of transfer. Transferring for the purposes of consolidation with the Evans Case would strongly promote judicial efficiency and convenience for the witnesses and parties alike, and the remaining *Jones* factors do not outweigh this result.

In class action cases such as the Evans and Prieto/Lonich Cases, the first factor, plaintiffs' choice of forum is given little, if any, weight. Although a plaintiff's choice of forum may be afforded deference in single plaintiff actions, "this is not true

DEFENDANT'S MOTION TO TRANSFER VENUE

in class actions where the putative class members are widespread and have no particular tie to the chosen forum." *Tittl v. Hilton Worldwide, Inc.*, No. 1:12-CV-02040-LJO, 2013 WL 1087730, at *3 (E.D. Cal. Mar. 14, 2013) (quoting *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987)); *see also Wireless Consumers All., Inc. v. T-Mobile USA, Inc.*, No. C 03-3711 MHP, 2003 WL 22387598, at *3 (N.D. Cal. Oct. 14, 2003) (stating that plaintiff's "choice of forum is entitled to little if any weight in the court's balancing test because the weight accorded a plaintiff's choice of forum is greatly reduced when he sues in a representative capacity"). Both Prieto/Lonich and Evans propose representation of a statewide class. Therefore, it would be proper to resolve this dispute in either the Eastern or Central District.

Crucially, the convenience to the parties and witnesses would remain the same in either forum but transferring into a single district for the purpose of consolidation would strongly promote convenience for both the parties and the witnesses. *See, e.g., Healy v. Wells Fargo Bank, N.A.*, No. 20-CV-01838-H-AHG, 2022 WL 104733, at *7 (S.D. Cal. Jan. 11, 2022) ("It will be more convenient for all witnesses, including the party witnesses, for this case to be consolidated into one forum.") "The feasibility of consolidation is a significant factor in a transfer decision." *A. J. Indus., Inc. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 503 F.2d 384, 389 (9th Cir. 1974). Indeed, allowing "a situation in which two cases involving precisely the same issues *are simultaneously pending* in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Tittl*, 2013 WL 1087730, at *6 (quoting *Cont'l Grain Co.*, 364 U.S. at 26.) Consolidation "reduces the likelihood that the witnesses will have to travel to different districts to testify on similar facts," is "more convenient for the parties" and would "reduce the expenses involved in duplicative discovery and litigation." *Healy*, 2022 WL 104733, at *7.

Therefore, either a transfer or stay would promote judicial efficiency and reduce the burden on both parties and witnesses by eliminating the costs associated with parallel proceedings while avoiding unnecessary duplication, especially because

discovery has yet to begin in either case. (*Supra* Section II.A-B.) Many potential witnesses are based in Minnesota, where Sleep Number is headquartered, and would need to travel regardless of whether the case was litigated in the Eastern or Central District of California. Similarly, both actions propose a statewide class, requiring class members to travel to the selected forum. Because the Prieto/Lonich Case and Evans Case arise from the same operative factual allegations, consolidation would prevent the need for witnesses, including party witnesses, to travel to both districts to provide testimony on the same facts. Consolidating the cases will further promote ease of access to evidence by avoiding duplicative discovery. That is, transferring for the purpose of consolidation would reduce the waste stemming from duplicative lawsuits and promote convenience for the parties and witnesses. This consideration weighs strongly in favor of transfer.

Forum congestion further weighs in favor of transfer. At the end of 2024, the Central District had over 15,000 active cases (averaging over 240 cases per Article III judge) whereas the Eastern District had just over 2,500 active cases (averaging approximately 110 cases per Article III judge).[1] Transferring this case to the Eastern District not only moves it to a less congested jurisdiction but would allow for the consolidation of these two substantially similar and overlapping cases. This would further limit congestion and guard against inconsistent results. In addition, should the cases proceed independently to final resolution, the Courts will face an administrative quagmire. If both putative classes are successful to different degrees, the Courts will need to determine how to prevent the overlapping classes from double dipping. If one putative class loses but another is successful, an even trickier problem—whether to pay damages to plaintiffs who lost in court on the same issues—may arise.

The remaining *Jones* factors do not dictate a different result. Both this Court

---

[1] U.S. District Courts – Median Time Intervals From Filing to Disposition of Civil Cases Terminated, by District and Method of Disposition, During the 12-Month Period Ending September 30, 2024.
(https://www.uscourts.gov/sites/default/files/2024-12/jb_c5_0930.2024.pdf)

and the Eastern District are familiar with and well-equipped to apply the California statutory and common law claims at issue. *See, e.g., Tittl*, 2013 WL 1087730, at *8 (recognizing that the Eastern District "is equally familiar with federal and California law as the Central District"). Neither district has a specific interest in litigating the claims, as both cases involve statewide class actions. *See, e.g, Cooley v. Indian River Transp. Co.*, No. SACV170932DOCJCGX, 2018 WL 6039841, at *6 (C.D. Cal. Apr. 10, 2018) ("[N]either district has a stronger interest in the controversy, because Plaintiff's class allegations relate to Defendant's state-wide business practices, and thus this factor neither favors nor disfavors transfer.") Because most discovery is electronic, and because most of Sleep Number's witnesses will need to travel regardless of forum, the ease of access to evidence is neutral. *See, e.g., Silk v. Bond*, No. 221CV03977ODWJPRX, 2024 WL 869469, at *5 (C.D. Cal. Feb. 29, 2024) (stating that the "electronic availability" of discovery documents meant that the ease of access to evidence would be the same regardless of forum). Because of the significant weight given to transfer for the purposes of consolidating class actions, the Prieto/Lonich Case should be transferred to the Eastern District for eventual consolidation.

## C. The Court Should Stay This Case Pending Resolution on This Motion.

Finally, this Court should stay this case pending outcome of this motion. "A district court has the inherent power to stay its proceedings." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (staying case pending resolution of motion to transfer various class actions into multi-district litigation). In considering a stay of case pending resolution of transfer issues the court should examine the following: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." (*Id.*)

Here, Prieto/Lonich will suffer little to no prejudice if this case is stayed while the Court considers Sleep Number's arguments for transfer. Indeed, a short pause here while the Court resolves key dispositive and procedural issues (i.e. the pending motion to dismiss (Dkt. 34), motion to stay pending motion to dismiss (Dkt. 33), and this motion to transfer) only allows the parties to preserve resources that would be expended on discovery in favor of providing clarity on the proper scope and venue for all plaintiffs. *See Johnson v. Sebanc*, No. 18-CV-00585-DMR, 2018 WL 3159699, at *1 (N.D. Cal. June 28, 2018) (finding no prejudice to plaintiff in staying case pending resolution on transfer and consolidation of class actions where the "any delay resulting from a stay will be minimal"); *See also Fuller v. Amerigas Propane, Inc.*, Nos. C 09-2493 TEH, 09-2616 TEH, 2009 WL 2390358, at *1 (N.D. Cal. Aug. 3, 2009) (no "meaningful prejudice" where the case was in "very early procedural stage[ ]" and the issue of transfer would be resolved in a matter of months so any delay caused by the stay would be of "very short duration"). Here, both cases have a pending motion to dismiss, and discovery has either not yet begun, or is in the *very* beginning stages. Sleep Number has a pending motion to stay discovery before this Court, (Dkt. 33), and the Evans Case has been stayed until July 2025 pending resolution on Sleep Number's motion to dismiss. *See Evans v. Sleep Number*, Case No. 24-cv-01136-KES-SAB, Dkt. 25 (February 14, 2025 minute entry order staying the case).

Conversely, the harm to Sleep Number if it is thrust into class action discover on Prieto/Lonich's claims in this district, ultimately to find out (1) the case will be transferred (and ultimately consolidated) into the first-filed Evans Case and (2) some, if not all, of the class action claims lodged against Sleep Number are dismissed, will be severe. Not only will Sleep Number expend resources gathering discovery on claims that may be dismissed or related to a class that may be narrowed through, if the Court ultimately transfers this case to the Eastern District, it will be forced to use additional resources redoing discovery there, and, depending on how far discovery is

able to progress pending an outcome on Sleep Number's motion, relitigating discovery disputes before a different tribunal. *Sebanc*, 2018 WL 3159699, at *2 (granting stay pending order on transfer motion where "further resources expended…. are potentially wasteful and warrant a brief stay"). In fact, the purpose of allowing transfer and consolidation of these types of cases is to avoid such burden and prevent wasting resources. *See Johnson v. Monterey Fish Co., Inc.*, No. 18-CV-01985-BLF, 2018 WL 2387849, at *2 (N.D. Cal. May 25, 2018) ("[R]equiring Starbucks to engage in initial disclosures, a joint site inspection, and settlement discussions while it seeks to resolve such issues on a consolidated basis, would defeat the purpose of transfer and consolidation . . . ")

Finally, and most importantly, a stay pending resolution on this motion will only further preserve judicial resources. *Stuart v. DaimlerChrysler Corp.*, No. 1:08-CV-0632 OWW GSA, 2008 WL 11388470, at *3 (E.D. Cal. Dec. 23, 2008) ("The most important [stay] factor is judicial economy."); *Rivers*, 980 F. Supp. at 1362 n.5 ("[E]ven if a temporary stay could be characterized as a delay that would be prejudicial to [a party], there are still considerations of judicial economy that outweigh any prejudice to [that party]."). Here, a stay will preserve the judicial economy from forcing this Court having to "familiarize itself with the intricacies of an action that might be coordinated for pretrial management before a transferee judge." *Stuart*, 2008 WL 11388470, at *3 (granting stay pending resolution of transfer of multi-district class actions). For instance, any motions—whether discovery disputes, dispositive motions, etc.—need only be heard once, which will also preserve efficiency. In addition, given the overlapping parties, issues, and facts, transfer and consolidation will avoid the administrative headache the judiciary would need to oversee to avoid duplicative damages should plaintiffs in both actions succeed in one or more claims.

Further, the issues pending in both of these class actions are complex and will require significant discovery and potential court intervention on disputes. (*See e.g.*,

DEFENDANT'S MOTION TO TRANSFER VENUE

Dkt. 33 (Sleep Number's Motion for Protective Order to Stay Discovery) (outlining the significant discovery likely sought by Prieto/Lonich to cover their proposed sweeping class and the burden to both Sleep Number and the judiciary should discovery commence with dispositive issues pending).) This case is in its infancy, and granting a stay to resolve these various threshold issues benefits the parties, this Court, and the California judiciary. *See also Stuart*, 2008 WL 11388470, at *5 ("Wise judicial administration counsels in favor of a stay pending decision on the MDL transfer.").

## V.      **CONCLUSION**

For all of the foregoing reasons, Defendant Sleep Number Corporation respectfully requests that the Court transfer this case to the United States District Court for the Eastern District of California.

Dated: March 4, 2025                    Respectfully submitted,

                                        FOX ROTHSCHILD LLP

                                        By:    */s/ Andrew S. Hansen*
                                               Andrew S. Hansen

                                        Attorneys for Defendant
                                        *Sleep Number Corporation*

DEFENDANT'S MOTION TO TRANSFER VENUE

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Sleep Number Corporation certifies that this brief contains 5,212 words, which complies with the word limit of L.R. 11-6.1.

Dated: March 4, 2025                    FOX ROTHSCHILD LLP

                                        By:    /s/ Andrew S. Hansen
                                               Andrew S. Hansen

                                        Attorneys for Defendant
                                        *Sleep Number Corporation*

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on March 4, 2025, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of the filing to the email addresses indicated on the Court's Electronic Mail Notice List.

Dated: March 4, 2025                    FOX ROTHSCHILD LLP

                                        By:    /s/ Andrew S. Hansen
                                               Andrew S. Hansen

                                        Attorneys for Defendant
                                        *Sleep Number Corporation*

DEFENDANT'S MOTION TO TRANSFER VENUE