Omer Salik (SBN 223056)
Carter Arnett PLLC
111 Pier Ave., Suite 101
Hermosa Beach, California 90254
Tel: (214) 550-8188
Fax: (214) 550-8185
osalik@carterarnett.com

Attorneys for Plaintiffs
Gerardo Prieto and Athena Lonich

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO PRIETO, an individual, and ATHENA LONICH, an individual, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>SLEEP NUMBER CORPORATION,<br><br>Defendant. | Case No.: 2:25-cv-352 RGK-MAA<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY**<br><br>Date: March 31, 2025<br>Time: 9:00 a.m.<br>Crtrm: 850<br>Judge: R. Gary Klausner |

## TABLE OF CONTENTS

I.  INTRODUCTION ....................................................................................... 1

II. BACKGROUND ......................................................................................... 2

III. LEGAL STANDARD .................................................................................. 2

IV. ARGUMENT ............................................................................................... 3

    A.  A Stay Should Be Denied Because Defendant Has Failed to Show Good Cause ................................................................................ 3

    B.  A Stay Should Be Denied Because Defendant's Motion to Dismiss Is Not Likely to be Case Dispositive ......................................... 5

V.  CONCLUSION ........................................................................................... 7

# TABLE OF AUTHORITIES

<u>CASES</u>

*Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975) ...............................4

*Cain v. JPay, Inc.*, No. 221CV07401FLAAGRX, 2022 WL 1840342, at *2 (C.D. Cal. Apr. 4, 2022)................................................................................................3

*Clinton v. Jones*, 520 U.S. 681, 706 (1997) ................................................................3

*Davis v. The Kroger Co.*, 2023 WL 9511156 at *14 (C.D. Cal. Sept. 22, 2023)........7

*Ferrell v. AppFolio, Inc.*, 2024 WL 132223, *1 (C.D. Cal. 2024)...............................3

*Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Cal. 1990)............................4

*Harmoni Int'l Spice, Inc. v. Wenxuan Bai*, No. CV16-00614 BRO (ASX), 2016 WL 11783827, at *4 (C.D. Cal. Sept. 30, 2016)..............................................3

*In re Dynamic Random Access Memory (Dram) Indirect Purchaser Litig.*, 2020 U.S. Dist. LEXIS 249753, 2020 WL 8459279, at *3 (N.D. Cal. November 24, 2020) ..7

*In re Hard Disk Drive Suspension Assemblies Antitrust Litig.*, No. 19-md-02918-MMC, 2021 U.S. Dist. LEXIS 181286, *23-28 (N.D. Cal. Sep. 22, 2021) ............7

*Mednick v. Precor, Inc.*, 2014 U.S. Dist. LEXIS 159687, 2014 WL 647915, at *3-4 (N.D. Ill. November 13, 2014) ..................................................................7

*Melendres v. Arpaio*, 784 F.3d 1254, 1261 (9th Cir. 2015) .......................................7

*Minor v. Favorite World, LLC*, 2024 WL 4834951, at *3 (C.D. Cal. Sept. 17, 2024)6

*Mlejnecky v. Olympus Imaging Am., Inc.*, 2011 WL 489743, *6 (E.D. Cal. 2011)....3

*Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10–CV–02630 JAM KJN, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011) ..................................................................4

*Nguyen v. BMW of N. Am., LLC.*, Case No. 3:20-cv-02432-JLS (BLM), 2021 WL 2284113, at *2 (S.D. Cal. June 4, 2021) ................................................................3

*Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 601 (C.D. Cal. 1995) .3

Plaintiffs Gerardo Prieto and Athena Lonich ("Plaintiffs") oppose the Motion for Protective Order to Stay Discovery (Dkt. 33, "Motion") filed by Defendant Sleep Number Corporation ("Defendant").

## I.     INTRODUCTION

Defendant fails to show good cause to stay discovery. Defendant seeks an automatic and blanket stay of discovery simply because it filed a dispositive motion. The Federal Rules do not provide for such an automatic stay and Defendant falls well short of making the strong showing needed to justify such a stay.

Further, Plaintiffs will be prejudiced by a discovery stay. Plaintiffs were only able to serve discovery on March 3, 2024 after the parties' Rule 26(f) conference held earlier that day. Under the Court's Standing Order, Plaintiff's motion for class certification is due April 21, 2025. As such, Plaintiffs have little opportunity to obtain discovery prior to their deadline for filing a class certification motion. Granting this Motion would deprive Plaintiffs of any class certification discovery.

Still further, taking a "preliminary peek" at the merits of the underlying motion to dismiss makes clear that Defendant is unlikely to prevail. Defendant seeks dismissal not because of any true deficiency in the FAC's allegations, but rather because the "quantum of proof offered by Plaintiffs" (Motion at 6) is purportedly insufficient to prove their claim. This, of course, is not the standard under Rule 9(b) or Rule 12(b)(6). Defendant does not lack any clarity as to Plaintiffs' claims but merely contends that the evidence cited in the FAC with respect to Defendant's historic sale offers is deficient. Stated simply, Defendant's motion to dismiss is little more than a criticism of the number of images included in the FAC from Defendant's website and other advertisements from early 2023. Not only is this an improper basis for dismissal, the evidence that Defendant claims is lacking from the FAC is in Defendant's possession. Thus, the very issues that Defendant seeks to prematurely adjudicate in its motion to dismiss would benefit from allowing discovery to proceed.

Defendants' standing argument provides no better basis for staying discovery, as it would not be case dispositive, but only limit the number of products at issue. Yet Defendant seeks a stay of all discovery, even as to the products that are not subject to its standing motion. Moreover, the law is clear that Plaintiffs have standing to represent a class of consumers that purchased products from Defendant that Plaintiffs themselves did not purchase. Courts routinely find standing in such circumstances where those other products are substantially similar to those purchased by Plaintiffs and violate consumer protection laws in the same way. The FAC explains in detail why some of Defendant's other beds are substantially similar products that are advertised in the same misleading way. For these reasons, Defendant's Motion should be denied.

## II.  BACKGROUND

Plaintiffs commenced this action on January 14, 2025. (Dkt. 3.) Plaintiffs served the Complaint on Defendant on January 21, 2025. (Dkt. 12.) Under the Court's Standing Order, Plaintiffs must file their class certification motion within 90 days of service absent a showing of good cause, which in this case is April 21, 2025. (Dkt. 11 at 5.) Defendant filed its first motion to dismiss on February 12, 2025. (Dkt. 17.) On February 13, 2025, the Court set a Scheduling Conference for March 24, 2025. (Dkt. 19.) Plaintiffs filed their First Amended Complaint on February 18, 2025. (Dkt. 21.) Defendant filed this Motion on February 26, 2025 and its Motion to Dismiss the FAC on March 4, 2025. (Dkt. 33, 34.)

Counsel for Defendant declined to hold a conference of counsel pursuant to Rule 26(f) before the March 3, 2025 deadline. Plaintiffs served their first set of discovery that same day, including Requests for Production, Interrogatories and Requests for Admission. Defendant's responses to that discovery are due April 3, 2025.

## III.  LEGAL STANDARD

A district court "has broad discretion to stay proceedings as an incident to its

power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). However, "the Federal Rules of Civil Procedure does not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. Indeed, district courts look unfavorably upon such blanket stays of discovery." *Mlejnecky v. Olympus Imaging Am., Inc.*, 2011 WL 489743, *6 (E.D. Cal. 2011). A party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied. *Cain v. JPay, Inc.*, No. 221CV07401FLAAGRX, 2022 WL 1840342, at *2 (C.D. Cal. Apr. 4, 2022).

"The Ninth Circuit has not set forth a clear standard for district courts to apply in this situation. Most federal district courts ... apply a two-part test under which it is appropriate to stay discovery if (1) the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed and (2) the pending, potentially dispositive motion can be decided absent additional discovery. Discovery should proceed if either prong of the test is not met. This test has the Court take a 'preliminary peek' at the underlying motion without exhaustively reviewing the merits." *Ferrell v. AppFolio, Inc.*, 2024 WL 132223, *1 (C.D. Cal. 2024) (cleaned up). "This two-factor test requires the court to take a 'preliminary peek' at the merits of the pending, potentially dispositive motion to determine whether a stay is granted." *Nguyen v. BMW of N. Am., LLC.*, Case No. 3:20-cv-02432-JLS (BLM), 2021 WL 2284113, at *2 (S.D. Cal. June 4, 2021) (quotation marks omitted).

## IV. ARGUMENT

### A. A Stay Should Be Denied Because Defendant Has Failed to Show Good Cause

"The pendency of a motion to dismiss does not stay discovery as a matter of course." *Harmoni Int'l Spice, Inc. v. Wenxuan Bai*, No. CV16-00614 BRO (ASX), 2016 WL 11783827, at *4 (C.D. Cal. Sept. 30, 2016) (citing *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 601 (C.D. Cal. 1995) ("[The notion that a

motion to dismiss under 12(b)(6) would stay discovery] is directly at odds with the need for expeditious resolution of litigation.")). The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *See Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10–CV–02630 JAM KJN, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011). "Indeed, district courts look unfavorably upon such blanket stays of discovery." *Id*. "Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Skellercup*, 163 F.R.D. at 600–601 ((citation and quotation marks omitted).). Additionally, a motion for a protective order seeking to preclude discovery must be supported by "good cause" and a "strong showing." *Mlejnecky*, 2011 WL at *6 (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975); *Skellercup*, 163 F.R.D. at 600; *In re Valence Tech. Sec. Litig.*, 1994 WL 758688, at *2; *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Cal. 1990)). Defendant's Motion is little more than a request for an automatic and blanket stay of discovery that should be denied.

Defendant fails to show good cause for a discovery stay or any undue prejudice resulting from a stay being denied. While Defendant vaguely asserts that it will suffer prejudice from having to respond to discovery, Defendant provides no evidentiary support for its alleged burden. Defendant also vaguely contends that discovery will require the production of confidential information but fails to explain how that would prejudice Defendant or why a protective order would not address any concerns for the confidentiality of its information. Further, Defendant's Motion to Dismiss the FAC is set for hearing on April 7, 2025 – a week after the hearing date for the present Motion. Therefore, the Motion to Dismiss is likely to be resolved at or around the same time as the resolution of this Motion. There is simply no good reason to grant a

1 stay of discovery, let alone a strong showing of good cause.

2       Plaintiffs, in contrast, will be severely prejudiced by being denied discovery. First, allowing a stay would deprive Plaintiffs of any discovery prior to the April 21, 2025 deadline to file a class certification motion. The deadline for Defendant to respond to the discovery Plaintiffs served on March 3, 2025 is April 3, 2025. If Defendant provides timely and substantive responses, Plaintiffs will have sufficient time to timely file their class certification motion. Granting a discovery stay, however, would deprive Plaintiffs of all class certification discovery.

      Further, the discovery Plaintiffs seek would precisely address what Defendant contends is lacking from the FAC. Specifically, Defendant's only case dispositive ground for dismissal is that the FAC does not offer sufficient evidence of Defendant's sale advertisements for the beds at issue. While Plaintiffs' allegations are reasonably based on their own observations prior to and in connection with their July 2023 purchase of a bed from Defendant together with information obtained from counsel's pre-filing investigation, the details of Defendant's historic sales are uniquely in Defendant's possession for which discovery is needed. "Thus, any prejudice to Defendants from preparing and complying with discovery obligations would be limited and not unduly great in view of the needs of the case at this present stage." *Harmoni*, 2016 WL at *3.

### B. A Stay Should Be Denied Because Defendant's Motion to Dismiss Is Not Likely to be Case Dispositive

      Defendant spends much of its brief repeating its arguments from its Motion to Dismiss. Plaintiffs do not believe it necessary to adjudicate those issues in duplicate and will therefore not respond to each of Defendant's arguments regarding dismissal herein. However, even if the Court were inclined to take a "preliminary peek" at Defendant's Motion to Dismiss, it would only show that it is not likely to be case dispositive.

      The only case-dispositive issue raised by Defendant's Motion to Dismiss is

that the FAC supposedly fails to satisfy the pleading requirements under Rule 9(b). Defendant is not likely to succeed on this issue, because Defendant plainly understands precisely what Plaintiffs are alleging is deceptive about Defendant's advertisements. The FAC easily satisfies the pleading requirements of Rule 9(b). Defendant has full notice of the who (Sleep Number), what (i8 bed), when (July 2023), where (Defendant's website and Lancaster, California store) and how (use of inflated reference prices that do not accurately reflect the prevailing price in the locality) of Plaintiffs' claims. Defendant seeks dismissal because it believes Plaintiffs have not presented sufficient evidence to prove that Defendant's reference prices were false or misleading. This is not a basis for dismissal and in any event would be curable with leave to amend. Contrary to Defendant's arguments, Plaintiffs need not provide exhaustive and detailed evidence of Defendant's historic sale advertisements to plead a false advertising claim. No such burden exists on the pleadings, as Defendant has all the notice it requires to defend itself. *See Minor v. Favorite World, LLC*, 2024 WL 4834951, at *3 (C.D. Cal. Sept. 17, 2024). While Defendant may disagree with the factual allegations in the FAC regarding the prevailing price for Defendant's beds in 2023, that is not a basis for dismissal, but rather a simple fact dispute. Further, records reflecting the historic sale offers for the Defendant's beds are uniquely in Defendant's possession. Thus, discovery from Defendant will illuminate the very issue that Defendant contends is insufficiently proven in the FAC, namely, the historic prices for Defendant's beds.

      Defendant's Motion to Dismiss for lack of standing also does not warrant a discovery stay. First, this issue is not case dispositive and only has the potential to reduce the number of products at issue. In contrast, Defendant seeks a stay of all discovery, not just as to the products implicated by the standing issue. Defendant provides no support for such an overreach. Second, a class action plaintiff has standing to bring claims on behalf of a putative class for a defendant's products that plaintiff did not purchase, if the products are substantially similar and violate

consumer protection laws in the same way. *See*, *e.g.*, *In re Hard Disk Drive Suspension Assemblies Antitrust Litig.*, No. 19-md-02918-MMC, 2021 U.S. Dist. LEXIS 181286, *23-28 (N.D. Cal. Sep. 22, 2021) ("Although the named plaintiffs and putative class members may have purchased different products containing SAs, the Court finds such distinctions do not warrant dismissal of the class claims for lack of standing") (citing *Mednick v. Precor, Inc.*, 2014 U.S. Dist. LEXIS 159687, 2014 WL 647915, at *3-4 (N.D. Ill. November 13, 2014); *In re Dynamic Random Access Memory (Dram) Indirect Purchaser Litig.*, 2020 U.S. Dist. LEXIS 249753, 2020 WL 8459279, at *3 (N.D. Cal. November 24, 2020)).

      Here, the products Plaintiffs seek to include in the class are substantially similar, as they are all "smart beds" sold by Defendant. Further, the way in which Defendant violates consumer protection laws is the same for all of these beds, namely, but using inflated false reference prices that do not accurately reflect the prevailing price for the products. To the extent Defendant contends that these other beds are dissimilar or are not advertised in a similar way, discovery will assist in that determination at class certification. It does not, however, create a standing issue that warrants dismissal. *Davis v. The Kroger Co.*, 2023 WL 9511156 at *14 (C.D. Cal. Sept. 22, 2023) ("Binding Ninth Circuit precedent seems to support the class certification approach – that dissimilarities between the claims of named and unnamed plaintiffs are best resolved at the class certification stage.") (citing *Melendres v. Arpaio*, 784 F.3d 1254, 1261 (9th Cir. 2015)). Therefore, a preliminary peek at this standing issue does not warrant a stay. Defendants' Motion should therefore be denied.

## V.   CONCLUSION

      Defendant's Motion should be denied, because Defendant has failed to show

good cause to stay discovery and granting such stay would prejudice Plaintiffs.

Dated: March 10, 2025                    CARTER ARNETT PLLC

                                         By: /s/ Omer Salik
                                             Omer Salik

                                         Attorneys for Plaintiffs
                                         Gerardo Prieto and Athena Lonich

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs certifies that this brief contains 2,321 words, which complies with the word limit of L.R. 11-6.1 and the Court's Standing Order.

Dated: March 10, 2025                    By:  /s/ Omer Salik
                                              Omer Salik
                                              Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on March 10, 2025, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of the filing to the email addresses indicated on the Court's Electronic Mail Notice List.

Dated: March 10, 2025                    By:  /s/ Omer Salik
                                              Omer Salik
                                              Attorney for Plaintiffs