UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-00352-RGK-MAA | Date | April 8, 2025 |
| Title | *Gerardo Prieto et al. v. Sleep Number Corporation* | | |

| | | | |
|---|---|---|---|
| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
| Joseph Remigio | | Not Reported | N/A |
| Deputy Clerk | | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendant: | |
| Not Present | | Not Present | |

**Proceedings:**   (IN CHAMBERS) Order Re: Motion to Transfer Venue, Dismiss, or Stay Under the First-to-File Rule [DE 35]

## I.   INTRODUCTION AND FACTUAL BACKGROUND

Sleep Number Corporation ("Defendant") is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota, that sells beds, mattresses, and related products online and through brick-and-mortar stores throughout the United States, including in California.

On September 24, 2024, June Evans filed a class action complaint against Sleep Number Corporation ("Defendant") in the Eastern District of California. Compl., *Evans v. Sleep Number*, No. 1:24-CV-01136-KES-SAB (E.D. Cal. Sept. 24, 2024), ECF No. 1. Evans, who purchased a c2 bed from Defendant, alleges that Defendant uses a deceptive "perpetual sale" tactic. Specifically, Defendant advertises that its products are normally listed at a significantly higher price but happen to be on sale for a much lower price, when in reality, the products were never offered at the higher price, creating the false perception that the products are perpetually on sale in order to deceive customers. Accordingly, Evans asserts claims for violations of California's Unfair Competition Law, False Advertising Law, and Consumer Legal Remedies Act, and seeks to certify a class of all California consumers who purchased *any* of Defendant's products between September 2021 and September 2024. As of April 7, 2025, the case is still in its infancy, with the court currently considering a motion to dismiss a first amended complaint, with discovery stayed until the motion's resolution.

After the Evans case was filed, on January 14, 2025, Gerardo Prieto and Athena Lonich (collectively, "Plaintiffs") filed a Class Action Complaint in this Court against Defendant. (ECF No. 3.) Plaintiffs, who purchased an i8 bed from Defendant's store in Palmdale, California, allege that Defendant uses the same deceptive perpetual sale tactic that Evans alleges, and accordingly, asserts the same claims for violations of California's Unfair Competition Law, False Advertising Law, and Consumer Legal Remedies Act. However, unlike Evans, Plaintiffs seek to certify a class of all California consumers who purchased *only* Defendant's c4, p6, i8, i10, and m7 products between January 2021 and October 2024.

UNITED STATES DISTRICT COURT  JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00352-RGK-MAA | Date | April 8, 2025 |
|---|---|---|---|
| Title | *Gerardo Prieto et al. v. Sleep Number Corporation* | | |

Presently before the Court is Defendant's Motion to Transfer Venue, Dismiss, or Stay[1] pursuant to the first-to-file rule.[2] (ECF No. 35.) For the following reasons, the Court **GRANTS** the Motion, but rather than transfer the action, instead **DISMISSES** the action in its entirety.

## II. JUDICIAL STANDARD

Section 1404(a) allows a district court to "transfer any civil action to any other district . . . where it might have been brought or to any district . . . to which all parties have consented." 28 U.S.C. § 1404(a). "In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest considerations" to determine whether "a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62–63 (2013) (quoting 28 U.S.C. § 1404(a)).

## III. DISCUSSION

Defendant argues that this action should be transferred to the Eastern District of California, dismissed, or stayed under the first-to-file rule. The first-to-file rule allows a district court to transfer, dismiss, or stay an action if a similar action with substantially similar issues and parties was previously filed in another district court. *Kohn L. Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239–40 (9th Cir. 2015). The first-to-file rule "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). It "normally serves the purpose of promoting efficiency well." *Id*. "When applying the first-to-file rule, courts should be driven to maximize economy, consistency, and comity." *Kohn*, 787 F.3d at 1240 (internal quotations and citation omitted).

When deciding whether to transfer, dismiss, or stay under the first-to-file rule, courts analyze three factors: (1) chronology of the lawsuits; (2) similarity of the parties; and (3) similarity of the issues. *Id*. at 1240. The parties and issues need not be identical, only substantially similar. *Id*. To determine whether issues are substantially similar, courts "look at whether there is substantial overlap between the two suits." *Id*. at 1241 (internal quotations and citation omitted).

---

[1] Defendant styles its Motion as simply a "Motion to Transfer Venue" and primarily argues in favor of transfer. However, Defendant notes at various points that the Court may dismiss or stay in the alternative. Accordingly, the Court construes the Motion as seeking all three forms of relief.

[2] The Court notes that there appears to be some dispute as to whether Defendant properly met and conferred with Plaintiff as required by Local Rule 7-3. Even assuming arguendo that no meet-and-confer occurred, the Court declines to deny the Motion because there is no indication that Plaintiff was materially prejudiced, and the Motion is meritorious. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in . . . enforcing local rules that place parameters on briefing.").

UNITED STATES DISTRICT COURT     JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00352-RGK-MAA | Date | April 8, 2025 |
|---|---|---|---|
| Title | *Gerardo Prieto et al. v. Sleep Number Corporation* | | |

Here, the first-to-file rule applies. First, the *Evans* action predates this action. Second, the two actions involve similar parties. Both actions seek to certify classes with overlapping members. Indeed, the proposed class in the *Evans* action includes virtually[3] every member of Plaintiffs' proposed class. Third, the two actions involve similar issues. Both actions ask whether Defendant violated California's Unfair Competition Law, False Advertising Law, and Consumer Legal Remedies Act by using an allegedly deceptive perpetual sale tactic. While the issues in this action are slightly narrower, as Plaintiffs challenge advertising only with respect to specific products, the *Evans* action challenges advertising with respect to all products. And thus, much like the proposed classes, the issues in the *Evans* action include every issue in this action.

Having found that the first-to-file rule applies, it would appear that transfer is appropriate. However, there is one fatal flaw: the Eastern District of California is not a proper venue. Transfer under the first-to-file rule is appropriate only if the basic requirements for transfer under 28 U.S.C. § 1404(a) are also met. *In re Bozic*, 888 F.3d 1048, 1053 (9th Cir. 2018). And here, the most vital requirement is not met: the Eastern District of California must be a district in which this case "might have been brought." 28 U.S.C. § 1404(a).

An action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to any action.

28 U.S.C. § 1391.

Here, the Eastern District of California does not fit into any of these categories. Defendant does not reside in California, as it is incorporated and headquartered in Minnesota. No substantial part of the events or omissions giving rise to Plaintiffs' claims occurred here, as Plaintiffs purchased their bed from Defendant's store in Palmdale, California, which is located here, in the Central District of California.

---

[3] The only members who would not be included in the *Evans* action class would be consumers who purchased Defendants' products in the month of October 2024. However, this small group is negligible given that the first-to-file rule demands only substantial similarity, not complete identity. *See Kohn*, 787 F.3d at 1239–40.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00352-RGK-MAA | Date | April 8, 2025 |
|---|---|---|---|
| Title | *Gerardo Prieto et al. v. Sleep Number Corporation* | | |

And because the action could, and indeed was brought in this district, the third category simply does not apply.

To be sure, Defendant argues that it may be considered a resident of the Eastern District of California under the first category because it has so many stores throughout the entire state as to have "substantial and continuous contact" with every district. (Reply at 7, ECF No. 42.) However, Defendant offers no evidence establishing its stores and sales numbers to support this argument. And the Court is skeptical that Defendant would seriously make this argument. Residency in the state would open Defendant to general personal jurisdiction in the state. And surely Defendant does not mean to suggest that it, a Minnesota corporation, may be sued in any district in California for any and all cases merely by virtue of its retail operations.

Defendant alternatively argues that the events giving rise to this claim occurred in the Eastern District of California under the second category because Plaintiffs' proposed class, which comprises all California consumers, would necessarily include residents of the Eastern District of California. This argument is unsupported by law. As the Ninth Circuit explained, "the claims of unnamed class members can never make permissible an otherwise impermissible venue. . . . Otherwise, a nationwide class action could be transferred to any district in the country, thus abrogating the venue statute altogether." *In re Bozic*, 888 F.3d at 1053.

For these reasons, transfer to the Eastern District of California is inappropriate. However, as noted above, transfer is not the only remedy prescribed by the first-to-file rule. The Court may alternatively dismiss or stay the action. *Kohn*, 787 F.3d at 1239–40. And given the plain applicability of the first-to-file rule, the Court finds that dismissal is most appropriate in order preserve judicial resources and the mitigate any risk of inconsistent rulings. Accordingly, the Court **GRANTS** Defendant's Motion, but rather than transfer the action, instead **DISMISSES** the action in its entirety.

UNITED STATES DISTRICT COURT　　　　　　　JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00352-RGK-MAA | Date | April 8, 2025 |
|---|---|---|---|
| Title | *Gerardo Prieto et al. v. Sleep Number Corporation* | | |

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Transfer Venue, Dismiss, or Stay Under the First-to-File Rule. But because transfer is inappropriate, the Court **DISMISSES** the action in its entirety. The Court notes that Defendant has an additional Motion to Dismiss and Motion to Stay Discovery pending. (ECF Nos. 33, 34.) Because the Court dismisses the action in its entirety, the Court further **DENIES** these Motions **as moot**.

The Clerk shall close this action.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　： 
　　　　　　　　　　　　Initials of Preparer　　　　　JRE/sf